JACK SLADE, DECEASED, AND MRS. JACK SLADE v. WILLIS HOSIERY MILLS ET AL.

(Filed 8 April, 1936.)

1. **Master and Servant F b—**

   In order for a death to be compensable under the Workmen's Compensation Act, it is necessary that the death result from an injury by accident, which is an injury produced by a fortuitous cause.   C. S., 8081 (i), prior to the amendment of ch. 123, Public Laws of 1935.

2. **Same—Evidence held insufficient to show that death of employee was caused by accidental injury.**

   The evidence tended to show that the employee was required to wash certain machines and remove ashes from the furnaces, that the day in question was hot, but not excessively so, that the employee got wet in washing the machines, although furnished with special clothes, including rubber boots, and that in removing the ashes he got in the sunshine and open air, and that the sudden change in temperature in going from the hot room into the open air caused him to contract pneumonia, from which

SLADE *v.* HOSIERY MILLS.

he died. *Held:* The evidence does not disclose any accidental injury, there being nothing unusual or unexpected in the employee getting wet in washing the machines or in getting into the sunshine and open air in removing the ashes, and compensation should have been denied.

**3. Master and Servant F c—**

A proceeding under the Workmen's Compensation Act to determine liability of defendants to the next of kin of a deceased employee should not be brought in the name of the deceased employee.

APPEAL by plaintiff from *Clement, J.,* at August Term, 1935, of CABARRUS.

Proceeding under Workmen's Compensation Act to determine liability of defendants to next of kin of Jack Slade, deceased, employee.

The deceased was employed by Willis Hosiery Mills as general handy man around the mill. On 13 June, 1934, he was cleaning and scouring the dye machines with broom and hose, also the ditch under the machines. For this work he had special clothes, including rubber shoes. The machines were not in operation and the boilers were cold. The ditch under the machines is two feet deep, five or six feet wide, and 25 or 30 feet long. The machines stand four or five feet above the ditch. The six windows and three doors in the dye house were open. The weather was not excessively hot, but "it was during the hot spell in June, and down behind these machines it is almost impossible for anyone to get to you. It was an unusually hot day." Slade had been removing ashes from the furnaces and carrying them to a pile about two feet from the mill. He had to get in the sunshine to take the ashes out. He was doing his usual work, it was not heavy, though he had not washed the machines in this way in about eighteen months. It was hotter under the machines than anywhere else. The water was cold and Slade was wet.

The deceased was well when he went to work on the morning of the 13th. That night "he was deathly sick all night."

The doctor testified that he was called to see Slade on the morning of the 14th. "He was in bed and acutely sick. He had consolidated pneumonia. He died on the 20th. The pneumonia was due to sudden change of temperature, going from the hot room out into the open air. It produced a congestive chill."

The Industrial Commission awarded compensation. This was reversed on appeal to the Superior Court. From the latter ruling, plaintiff appeals, assigning error.

*Waller D. Brown for plaintiff.*
*R. M. Robinson for defendants.*

STACY, C. J.   Did Jack Slade's death result from an injury by accident arising out of and in the course of his employment?   We agree with the judge of the Superior Court the evidence is not such as to permit an affirmative inference.

By the terms of the Workmen's Compensation Act, "death" means only death resulting from an injury, and "injury" means only "injury by accident" arising out of and in the course of the employment, and does not include a disease in any form, except where it results naturally and unavoidably from the accident.   C. S., 8081 (i).   "Accident" as here used has been defined "as an unlooked for and untoward event which is not expected or designed by the person who suffers the injury." *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266.   And it was said in *McNeely v. Asbestos Co.,* 206 N. C., 568, 174 S. E., 509, that "injury by accident" has reference to "an injury produced without the design or expectation of the workman."   See, also, *Thomas v. Lawrence,* 189 N. C., 521, 127 S. E., 585; and 28 R. C. L., 787.

Death from injury by accident implies a result produced by a fortuitous cause.   *Scott v. Ins. Co.,* 208 N. C., 160, 179 S. E., 434.   A compensable death, then, is one which results to an employee from an injury by accident arising out of and in the course of the employment.   There must be an accident followed by an injury by such accident which results in harm to the employee before it is compensable under our statute.   *Cabe v. Parker-Graham-Sexton,* 202 N. C., 176, 162 S. E., 223; *Specialty Co. v. Francks,* 147 Md., 368, 44 A. L. R., 363.   It was said in *Johnson v. Southern Dairies,* 207 N. C., 544, 177 S. E., 632, that an injury resulting from the employer's negligence may be tantamount to an injury by accident.   See, also, *Pilley v. Cotton Mills,* 201 N. C., 426, 160 S. E., 479.   The act was intended to cover all accidental injuries arising out of and in the course of the employment which result in harm to the employee.   *McNeely v. Asbestos Co., supra.*

In the present case there is no evidence of any accidental injury arising out of and in the course of the employment which resulted in the death of the deceased employee.   For this reason the judgment of the Superior Court is correct.

The hearing Commissioner put his finding upon "the unusual conditions" under which the deceased worked, and because he "was subjected to a greater degree of heat and exposure . . .   than that common to the general public."   This was affirmed by the Full Commission, one member dissenting.

It is in evidence, however, that the conditions were not unusual, and to subject a workman to a greater degree of heat and exposure "than that common to the general public" is the rule rather than the exception in industries where men toil and engage in manual labor.   The deceased

was doing his work in the usual and customary way. It was not heavy. The employer had provided him with special clothes, including rubber shoes. That he should get in the sunshine, in carrying the ashes out of the mill, was obviously necessary. Nor was it unusual or unexpected that he should get wet in washing the machines. He was pursuing the general routine of his employment. · Nothing unusual or unexpected took place at the mill. The weather was hot, but not excessively so. The case is free from "injury by accident," as this phrase is used in the Workmen's Compensation Act. *Ferris' case,* 123 Me., 193; *Hoag v. Independent Laundry,* 113 Kan., 513, 215 Pac., 295; *Chop v. Swift & Co.,* 118 Kan., 35, 223 Pac., 800; *Lerner v. Rump Bros.,* 241 N. Y., 153, 149 N. E., 334, 41 A. L. R., 1122, and note.

It should be observed the amendment of 1935, ch. 123, Public Laws 1935, providing for payment of compensation in certain cases of disablement or death of an employee resulting from an occupational disease is not involved in the present proceeding.

Nor is "Jack Slade, deceased," a proper party to the proceeding. *Hunt v. State,* 201 N. C., 37, 158 S. E., 703.

Affirmed.