MRS. PINKNEY TOMLIN NEELY, WIDOW, AND DEPENDENTS OF WILLIAM LLOYD NEELY, DECEASED, v. CITY OF STATESVILLE AND THE TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 3 November, 1937.)

**Master and Servant § 40d—**

Death of a fireman from heart failure brought on by excitement and exhaustion in fighting a fire, is not the result of an accident within the meaning of the Workmen's Compensation Act, C. S., 8081 (i, subsec. f), heat, smoke, excitement, and physical exertion being the ordinary and expected incidents of the employment.

APPEAL by plaintiff from *Rousseau, J.,* at August Term, 1937, of IREDELL.

Proceeding under North Carolina Workmen's Compensation Act to determine liability of defendants to widow of William Lloyd Neely, deceased, employee.

The deceased was chief of the fire department of the city of Statesville. On 15 November, 1936, about noon, the fire department was called to the home of G. E. French to extinguish fire which was burning in the roof above the attic and the third floor. On arriving at the place of the fire, deceased, assisted by J. R. Benfield, working rapidly, pulled approximately 700 feet of fire hose from a truck. This hose weighed 75 to 80 pounds per length of 50 feet. This was the customary and ordinary method of handling the hose under the circumstances. When the truck could not pull the hose up to the house, the men did it. The deceased rushed into the burning building, went up two flights of stairs,

ran up one, and then up into the attic. The fire was burning very rapidly. There he assisted in pulling a section of hose filled with water and under pressure through a window. He remained there for some 10 or 15 minutes. During that time he was assisting and directing others in fighting the fire. The smoke was very dense and the heat intense, and almost unbearable. Frequently the men had to seek fresh air. The roof of that particular part of the burning building fell in. Then the deceased came out of the attic to a landing at head of stairway. A short time thereafter he collapsed and fell on the stairway and died within a few minutes.

The deceased was and had been for more than two years a sufferer from a chronic cardiac condition. There was considerable excitement incident to the fire. The medical testimony was to the effect that the excitement, the unloading of the hose in a hurried manner, running up the steps and fighting the fire aggravated the condition with which deceased was suffering and accelerated his death; that the proximate cause of his death was excitement, exhaustion, and heart failure.

The Commissioner who heard the case awarded compensation. On appeal to Full Commission the award was affirmed.

On appeal to the Superior Court the award was reversed. From adverse judgment in accordance with decision of the court below the claimant appealed to the Supreme Court and assigned error.

*Jack Joyner and W. R. Battley for plaintiffs, appellants.*
*Sapp & Sapp for defendants, appellees.*

WINBORNE, J. The sole question on this appeal is: Did the death of William Lloyd Neely result from "injury by accident" within the meaning of the North Carolina Workmen's Compensation Act? We think not.

There is no controversy as to the fact that the death arose out of and in the course of the employment. Hence, inquiry is as to what is such "injury by accident." C. S., 8081 (i, subsec. f). The meaning of that term is clearly and fully discussed and treated by *Stacy, C. J.,* in the case of *Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844. The fact situation of that case is on almost "all-fours" with the instant case. The decision there controls here.

The work in which the deceased was engaged was the usual work incident to his employment. The surrounding conditions might be expected at a fire. The falling in of the roof is a natural result of fire burning there. Heat and smoke are expected. Physical exertion is required in handling the hose and fire-fighting equipment. The firemen, of neces-

sity, act hurriedly. We find no evidence of an accident. "There must be an accident followed by an injury by such accident which results in harm to the employee before it is compensable under our statute." *Slade v. Hosiery Mills, supra.*

Judgment below is
Affirmed.