CHARLIE BUCHANAN v. STATE HIGHWAY & PUBLIC WORKS
COMMISSION.

(Filed 28 February, 1940.)

**1. Master and Servant § 55d—**

The Industrial Commission has the exclusive duty and authority to find the facts relative to controverted claims, and its findings of fact, with exception of jurisdictional findings, are conclusive on the courts when supported by any competent evidence.

**2. Master and Servant § 40d—Findings held to support conclusion that injury did not arise from accident.**

The Industrial Commission found, upon supporting evidence, that claimant became temporarily sick and blind while performing usual manual labor in the usual manner, that his condition improved and he went back to work and that shortly thereafter he again suffered a similar disability. *Held:* The findings support the conclusion that the injury did not result from an accident arising out of and in the course of claimant's employment within the purview of the Workmen's Compensation Act.

APPEAL by defendant from *Alley, J.,* at September Term, 1939, of GRAHAM. Reversed.

Plaintiff's claim for compensation for injury by accident under the North Carolina Workmen's Compensation Act was denied by the Industrial Commission upon the following findings of fact: "The claimant on or about the 8th day of June, 1936, was working for the State Highway Commission in Graham County and his duties required him to lift a scoop filled with dirt in order that it might be turned over by the tractor that was pulling the same and that on the day in question the claimant while lifting the scoop in the usual manner without anything unusual happening turned sick and blind and was unable to work for several days, he improved and went back to work about May 1, and after working for a short time a similar condition came upon the claimant and he was unable to work any more until September 1st. After considering all the evidence in this case; the evidence of Dr. Crawford and Dr. Herbert as to the condition which the claimant was suffering from, the Commission is unable to find that the claimant received an injury arising out of and in the course of his employment which meets the requirements and provisions of the North Carolina Workmen's Compensation Act."

Upon appeal to the Superior Court "the finding, conclusion or award" of the Industrial Commission was reversed, and the Industrial Commission was directed to award compensation to the plaintiff. The defendant appealed to the Supreme Court.

*R. L. Phillips for plaintiff.*
*Charles Ross for defendant.*

DEVIN, J. Under the North Carolina Workmen's Compensation Act, dealing with the matter of compensation for injuries due to the hazards of industry, both the duty and the exclusive authority to find the facts relative to controverted claims are vested in the Industrial Commission, and it is provided by section 60 of the act that upon review the award of the Commission shall be conclusive and binding as to all questions of fact. In accord with this statutory provision it has been uniformly

held by this Court that, when supported by competent evidence, the findings of fact by the Industrial Commission are conclusive on appeal, and are not subject to review by the Superior Court or the Supreme Court. *Williams v. Thompson,* 200 N. C., 463, 157 S. E., 430; *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356, 196 S. E., 342; *Lassiter v. Tel. Co.,* 215 N. C., 227, 1 S. E. (2d), 542; *McNeill v. Construction Co.,* 216 N. C., 744. The only exception to this rule is where the jurisdiction of the Industrial Commission is challenged. *Aycock v. Cooper,* 202 N. C., 500, 163 S. E., 569; *Francis v. Wood Turning Co.,* 204 N. C., 701, 169 S. E., 654. The powers of the Superior Court with reference to appeals from the Industrial Commission are pointed out in *Tindall v. Furniture Co.,* 216 N. C., 306; *Bank v. Motor Co.,* 216 N. C., 432; *Butts v. Montague Bros.,* 208 N. C., 186, 179 S. E., 799; *Byrd v. Lumber Co.,* 207 N. C., 253, 176 S. E., 572.

An examination of the record in the instant case discloses that there was competent evidence to support the findings of the Industrial Commission as to the manner in which the injury complained of was sustained, and we conclude that this was not an injury by accident arising out of and in the course of plaintiff's employment, so as to bring the case within the purview of the Workmen's Compensation Act. *Neely v. Statesville,* 212 N. C., 365, 193 S. E., 664; *Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844. The facts found by the Industrial Commission in this case differ in material respects from those in *Moore v. Sales Co.,* 214 N. C., 424, 199 S. E., 605, and upon which an award in that case was sustained.

The court below was in error in reversing the findings and award of the Industrial Commission, and the cause is remanded to the Superior Court of Graham County for judgment in accord with this opinion.

Reversed.