COLIE W. SMITH, EMPLOYEE, v. CABARRUS CREAMERY COMPANY, INC., EMPLOYER, AND CASUALTY RECIPROCAL EXCHANGE, CARRIER.

(Filed 17 April, 1940.)

**1. Master and Servant § 40d—**

An "accident" within the contemplation of the Workmen's Compensation Act is an unusual and unexpected or fortuitous occurrence, there being no indication that the Legislature intended to put upon the usual definition of this term any further refinements.

**2. Master and Servant § 40a—**

An injury, in order to be compensable under the Workmen's Compensation Act, must result from an accident, and injuries which are not the result of any fortuitous occurrence but are the natural and probable result of the employment are not compensable.

**3. Master and Servant § 40c—Evidence held sufficient to sustain finding that hernia resulted from accident.**

The evidence tended to show that the injured employee was employed to deliver milk, that in delivering milk to a cafe in the regular course of his employment he attempted to lift a box containing chipped ice, and weighing from 125 to 150 pounds, out of a larger box in order to place the milk he was delivering beneath it, that while lifting the box he felt a sharp pain and that it was later determined that he had suffered a hernia. *Held:* The evidence is sufficient to sustain the finding of the Industrial Commission that the injury resulted from an accident, since it resulted from an unusual and fortuitous occurrence happening within the body of the employee, which was not a natural and probable result of his employment. *Slade v. Hosiery Mills,* 209 N. C., 823; *Neely v. Statesville,* 212 N. C., 365, cited and distinguished in that the injury in those cases was the natural and probable result of the work being done.

APPEAL by defendants from *Ervin, Jr., J.,* at December Term, 1939, of CABARRUS. Affirmed.

The record contains the following succinct statement of the history of the case:

"This case was originally a claim before the Industrial Commission. The claim for compensation was filed with the Industrial Commission on March 7, 1939. The defendants denied liability for compensation and the claim was heard after due notice to all parties by Chairman T. A. Wilson in Concord on July 19, 1939. The hearing Commissioner on July 27, 1939, issued an award for compensation. The defendant appealed from the award of the hearing Commissioner to the Full Commission. The appeal was heard by the Full Commission on October 6, 1939. On October 9, 1939, the Full Commission affirmed the award of the hearing Commissioner. The defendants appealed from the award of the Full Commission to the Superior Court of Cabarrus County. The appeal to the Superior Court was duly docketed on November 3, 1939, and was heard by Judge S. J. Ervin, Jr., in Concord, on December 5, 1939. The Superior Court affirmed the award of the Full Commission by a judgment entered on December 5, 1939. The defendants now prosecute this appeal to the Supreme Court from the judgment of the Superior Court affirming the award of the Full Commission."

It is admitted that the plaintiff was an employee of the defendant, Cabarrus Creamery Company, Inc., at a salary of $25.00 per week, at the time of his injury, and that all parties are subject to the Workmen's Compensation Act.

Plaintiff's evidence was substantially as follows: The plaintiff was delivering milk to a cafe in his regular employment, and on the day of his injury had "checked the box" in the cafe in which he was to place the milk, went back, and returned with the milk. This had to be placed in a large box which contained a smaller box of chipped ice weighing from 125 to 150 pounds. It was necessary to lift this smaller box in order to place the milk beneath it. The smaller box was "down in the corner." In lifting it was necessary to bring the box "straight up," as it did not have "a half inch play." The plaintiff got into position, leaning over the edge of the big box which, as he said, "hits me exactly to that place to the inch. Where I had the rupture, the big box where I lean over, that is right where it hits me." The plaintiff reached over into the big box, got the smaller box, and lifted it straight up. When he "went to come up with it" there was a sharp pain when he had gotten it about half way up, and plaintiff got sick. He rubbed the spot, waited a little, and felt better. He continued his duties until about twelve o'clock, when he went to the office and told Miss Burrage that he had hurt or strained his side. He thought he was ruptured, but was not sure.

Dr. Howard examined him, plaintiff says, and told him he did not think he was ruptured, that he had strained himself but did not think it had "tore through." Three or four days afterward he went back to Dr. Howard, and the rupture then "showed up as big as a hen egg," and Dr. Howard advised an operation.

After some interval he went to a Government hospital at Kecoughton, Va., underwent an operation for hernia, and stayed there from 3 March to 14 April. All of his hospital expenses and transportation were paid by the United States Government, and he now seeks compensation only for loss of earnings during the period he was unable to work.

Dr. Howard corroborated the witness as to the result of his examinations, stating that in about ten days from his first examination the plaintiff showed to be ruptured, and that the hernia was bulging so you could see it through the right inguinal ring.

The defendants introduced in evidence a prior sworn statement of the plaintiff, the part relevant to defendants' present contention being as follows: "The ice box I was lifting at the time I felt the pain weighed from 125 to 150 pounds. I think the strain of reaching down into the big box and lifting out the little box is what caused my trouble. My foot did not slip and I do not know of anything of that kind that happened. I just lifted the box up like I usually did every day when I delivered the milk."

The plaintiff had had a hernia on the left side four or five years previously. The present hernia is on the right side.

Upon the evidence, the Full Commission approved the previous findings of the hearing Commissioner and made an award. Defendants appealed and the award was affirmed in the Superior Court, from which defendants again appealed to this Court.

*Hartsell & Hartsell for plaintiff, appellee.*
*Gover & Covington and Hugh L. Lobdell for defendants, appellants.*

SEAWELL, J. We consider it necessary to consider only the defendants' contentions that plaintiff's injury was not caused by accident within the meaning of section 2.f of the Workmen's Compensation Act, ch. 120, Public Laws of 1929. Upon the evidence there can be no contention that whatever it was did not arise out of and in the course of the employment.

There is no definition of the term "by accident," or of the word "accident" in the act. In the section and subsection cited, injury is defined as meaning only "injury by accident, arising out of and in the course of employment."

Briefly stated, the contention of the defendants is that the term "by accident" necessarily means by an accident taking place entirely outside the body of the person injured, as the result of which, and through the application of external force, the injury is produced. Therefore, they contend that no fortuitous, unusual or unexpected happening within the body, such as a sudden rupture under the strain of lifting while the employee is doing the work in the usual way, is to be considered in determining whether the injury is by accident. They think they are aided in this view by the phraseology employed in the statute—"injury by accident"—instead of "accidental injury," as used in some similar statutes.

In this connection, they point out that the plaintiff was lifting a box, as he must have done many times before in the same service; that he admitted "my foot did not slip and I do not know of anything of that kind that happened. I just lifted the box up like I usually did every day when I delivered the milk." This, they contend, excludes the theory of external causation.

In *Moore v. Sales Co.*, 214 N. C., 424, 199 S. E., 605—also a hernia case—the same question was raised, but was not decided, because the Court thought that the essentials of external accident were present under the facts of the case. And this case might be disposed of in a similar way if the Court thought it could, with any further propriety, evade an issue which is squarely laid before us, and is likely to arise again and again, especially in hernia cases. In that event, decision would depend on the following phase of the evidence: The plaintiff testified that he

leaned over the big box, which "hit" him, or shall we say, in terms of measurement and correlation, came to within an inch of the point of his abdominal injury.    There is a reasonable inference that he was in contact with this box at the time of the lifting in a constrained position, and that this aided the rupture or traumatic enlargement of the inguinal rings, under the tension already brought about by the efforts to lift the box.

It is contended by the defendants that this Court has adopted the view taken by them in *Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844, and *Neely v. Statesville,* 212 N. C., 365, 193 S. E., 664.    But on a fair interpretation of these cases the Court did not go that far.    In the cited cases there was an absence of unusualness or unexpectedness in both the external facts and the internal conditions with which the opinions deal. A sudden rupture producing hernia is not a natural and probable consequence of the work the plaintiff was doing, but only an accidental result.

This Court has never attempted definitely to align itself with the minority view that a sudden disruption or breaking of the bones or tissues of the body under the strain of strenuous labor, such as lifting, wholly unusual and unexpected, may not be considered as an element of accident leading to compensable injury.

An accident, although tangible things are involved, is largely intangible.    If the influences, often complex and minute, which brings it about were capable of exact analysis, it would lose its character as accident. As judicially defined, unusualness and unexpectedness are its essence. It is defined in *Love v. Lumberton,* 215 N. C., 28, 1 S. E. (2d), 121, as "an unlooked for and untoward event which is not expected or designed by the injured employee."    This is near the definitions given in the dictionaries.    Century Dictionary has it: "A casual or undesigned occurrence; a fortuitous event."    Webster: "An unexpected or unforeseen event, generally unfortunate."    There is no sound reason to believe that the Legislature intended to put upon it other refinements.

If the plaintiff had burst a blood vessel or broken a leg or pulled a tendon under the strain, there would be little argument.    The injury he suffered is no different in principle.

We do not, of course, hold that hernia, or any other condition not classed in the act as an occupational disease, is compensable unless caused by accident.    Hernia is not so classed, and yet we know that the vast majority of hernias are produced by the strain of lifting.    To adopt the theory presented by the defendants would relieve industry from liability for most of the hernia injuries it causes.    This we do not believe to be within the contemplation of the statute, liberally construed.    *West v. Fertilizer Co.,* 201 N. C., 556, 160 S. E., 765; *Johnson v. Hosiery Co.,* 199 N. C., 38, 154 S. E., 66; *Stacy Brothers Gas Construction Com-*

*pany v. Massey,* 92 Ind. App., 348, 175 N. E., 664; *Empire Health & Accident Ins. Co. v. Purcell,* 76 Ind. App., 551, 132 N. E., 664; *Ind. Com. v. Sodec,* 55 Ohio App., 177, 177 S. E., 292, 293. These cases are pertinent with respect to the interpretation we shall put on the covering clause of the act.

The Court certainly does not intend to say that compensation may be awarded for an injury which is not the result of fortuitous circumstances or for an injury which is but the natural and probable result of the employment. We only go so far as to hold that in considering the constituent elements of "accident" it is competent to take into consideration the sudden and unexpected rupture of the parts supporting the viscera, as happened to the plaintiff, under the strain of lifting, as a part of the fortuitous circumstances making up the accident. It was not, as in *Slade v. Hosiery Mills, supra,* and *Neely v. Statesville, supra,* a natural and probable result of the work being done, and the facts of the case justified the finding on the part of the Commission, as affirmed by the court, that plaintiff sustained his injury by accident arising out of and in the course of his employment.

There is sufficient evidence of injury by accident to sustain the award of the Industrial Commission, and the judgment is

Affirmed.