MRS. MARY GABRIEL, WIDOW, v. TOWN OF NEWTON, EMPLOYER, AND UTICA MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 9 April, 1947.)

**1. Master and Servant § 40c—**

The evidence tended to show that a policeman suffered acute dilatation of the heart occasioned by unusual exertion in the course of his employment. There was expert opinion evidence that such injury to the heart muscle might be permanent and progressive and there was expert testimony that there was a causal connection between this injury and a fatal heart attack occurring some ten months thereafter. *Held:* The evidence is sufficient to support the finding of the Industrial Commission that the injury to the heart caused by the unusual physical exertion was the cause of death.

**2. Master and Servant § 55e—**

The findings of fact of the Industrial Commission are conclusive on appeal if the findings are supported by the evidence, considered in the light most favorable for the claimant, notwithstanding that permissible inferences *contra* may be drawn from the evidence.

**3. Master and Servant § 40b—**

"Accident" within the meaning of the Workmen's Compensation Act is an unlooked for or untoward event which is not expected or designed by the injured employee.

**4. Same—Death of policeman from heart attack resulting from injury to heart caused by unusual exertion in course of employment held result of "accident."**

The findings of fact were to the effect: A policeman fifty-six years of age who was in good health and without any physical defect or disease,

GABRIEL *v.* NEWTON.

arrested a young man who, because of intoxication, violently and viciously resisted. After the officer subdued him and transported him to the jail, the officer and another had to carry the prisoner up three flights of stairs because the elevator was out of order. The officer collapsed with acute dilatation of the heart due to the unusual exertion. This injury to the heart muscle was chronic and progressive and the policeman suffered a fatal heart attack some ten months thereafter. *Held:* The evidence warrants the conclusion that the injury to the heart resulted not from inherent weakness or disease but from an unusual and unexpected happening, and that therefore death resulted from an accident within the meaning of the Workmen's Compensation Act, G. S., 97-2 (f). *Slade v. Hosiery Mills,* 209 N. C., 823; *Neely v. Statesville,* 212 N. C., 365, cited and distinguished.

**5. Master and Servant § 55d—**

A finding of the Industrial Commission based upon sufficient competent evidence will not be disturbed because of the fact that evidence objectionable under technical rules may also have been admitted.

APPEAL by defendants from *Sink, J.,* at November Term, 1946, of CATAWBA. Affirmed.

This was a proceeding under the Workmen's Compensation Act for compensation for the death of Lee Gabriel alleged to have resulted from an injury by accident arising out of and in the course of his employment as a policeman by the Town of Newton.

The Industrial Commission awarded compensation upon the facts found, which may be summed up as follows: Lee Gabriel, 56 years of age, had been a policeman in Newton for two years or more, and was in good health without any physical defect or disease. On the night of 12 February, 1944, he was called to an industrial plant to arrest a young man under the influence of liquor. This man violently and viciously resisted, and it was only by great exertion and after a prolonged struggle that he was subdued sufficiently to be conveyed to jail. There Gabriel had to carry him up three flights of stairs, the elevator being out of order. In doing so Gabriel bore the weight of the head, shoulders and body of the man while an assistant held the prisoner's feet. The man weighed 160 or 170 pounds. On arriving at the top Gabriel collapsed. A physician was called in and diagnosed Gabriel's condition as acute dilatation of the heart due to excessive exertion. Gabriel remained in bed seven weeks. In April in attempting to push a lawn mower he had a similar attack, but later recovered sufficiently to do light work; in September he had another attack, and in December, 1944, he collapsed on the sidewalk and died in a few minutes. In the opinion of medical experts there was a causal connection between the original instance of overexertion, which affected the structure of his heart tissues, and his subsequent death; and that the injury to the heart muscles in February would have been an important contributing factor in the development of later attacks, including the fatal one in December, 1944. It was

testified that his heart was "damaged to some extent in February, and that heart damage went on with him." It was further testified that in case of acute dilatation of the heart due to exertion "the blood more or less piles up, the muscles become weakened or overexercised and overused; and the blood piles up in the left ventricle and stretches, and the heart itself becomes boggy and loose and does not function normally, does not aerate the blood as it should." The damage is muscle damage to the blood vessels. If the heart muscle itself was stretched, "you could have had a progressive involvement."

The Industrial Commission found that the unusual physical exertion required in making and securing the arrest under the circumstances was an unlooked for and untoward event which was not expected or designed by Gabriel, and that his death resulted from an injury by accident arising out of and in the course of his employment by the Town of Newton. Compensation was awarded.

On appeal to the Superior Court, the award of the Industrial Commission was affirmed, and the defendants excepted and appealed to this Court.

*Aiken, Patrick, Murphy & Harper for plaintiff, appellee.*

*Smathers & Meekins and Smathers & Smathers for defendants, appellants.*

DEVIN, J. The defendants' appeal presents at the outset the question whether the findings of fact upon which the award of compensation to the claimant was predicated were supported by the evidence. However, upon examination of the record and considering the evidence therein set out in the light most favorable for the claimant, we think the facts found are supported by the testimony offered, and hence must be held conclusive. Permissible inferences *contra,* which might be drawn from the testimony, would not warrant the court in setting aside the findings of the Commission. *Rewis v. Ins. Co.,* 226 N. C., 325, 38 S. E. (2d), 97; *Edwards v. Pub. Co., ante,* 184.

The defendants' chief ground of attack upon the judgment below is that upon the facts found and appearing in evidence the conclusion is not warranted that the death of Lee Gabriel resulted from an injury by accident, and hence was not compensable under the statute, G. S., 97-2 (f).

An accident as the word is used in the Workmen's Compensation Act was defined in *Love v. Lumberton,* 215 N. C., 28, 2 S. E. (2d), 121, as "an unlooked for and untoward event which is not expected or designed by the injured employee"; and in *Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844, as "a result from a fortuitous cause"; and in *Edwards*

*v. Pub. Co., supra,* as "an unexpected or unforeseen event; an unexpected, unusual or undesigned occurrence."

In the case at bar it appears from the findings of the Industrial Commission and the evidence in support thereof that prior to the happening upon which the claim is based the deceased was in good health and without any physical defects or disease, and that in attempting to make an arrest he was resisted with unusual vigor, and subjected to overexertion in subduing a young man rendered violent and vicious by drink, and that in consequence of having to carry the heavy weight of his prisoner (170 pounds) up three flights of stairs he suffered physical collapse which the physician diagnosed as acute dilatation of the heart brought on by excessive exertion. There was testimony from medical experts from which the Commission drew the permissible inference that overexertion in the manner described caused a physical injury to the tissues of Gabriel's heart in the stretching of the muscles of the heart, and that this was capable of progressive involvement. The inference is permissible from the medical testimony adduced from those who examined him, as well as from the electro cardiogram that a physical injury resulted from this unusual and unforeseen occurrence, and that there was evidence of a perceptible damage to tissues connected with the functioning of his heart. Due to the rhythmic character of heart action, the injurious effects of a severe strain of the heart muscles may be progressive.

There is authority for the view that a stretching or giving of the heart muscle, caused by unusual exertion, may occur in normal individuals, and that the outcome depends upon pre-existing conditions, age of the person, and the severity of the strain (Goldstein & Shabat on Medical Technique, 369) ; and that a severe muscular exertion may cause injury to some of the tissues connected with heart action and initiate the development of congestive heart failure, proximately resulting in death at a subsequent period. 24 N. C. Law Review, 152.

It was also testified by medical experts that there was causal connection between the injury sustained in February, 1944, and the death of the deceased in December following, and that the injury described would have been an important contributing factor in the development of later attacks, including the fatal one in December.

It would seem from the facts found that reasonable inferences may be drawn which afford support for the conclusion reached that the deceased suffered an injury by accident within the meaning of the statute, and that death proximately resulted at length from the progressive development of the cardiac symptoms initiated by the severe strain and over-exertion in February, 1944. There was evidence warranting the conclusion that the injury resulted not from inherent weakness or disease but from an unusual and unexpected happening. The circumstances, embracing the excessive exertion of subduing a recalcitrant prisoner, and

carrying the weight of his body up the stairs, indicated that the injury sustained was "a result produced by a fortuitous cause." *Slade v. Hosiery Mills, supra.* There was sufficient evidence to bring into the transaction the element of unusualness and unexpectedness from which accident might be inferred. *Moore v. Sales Co.,* 214 N. C., 424, 199 S. E., 605. The injury was not a natural and probable consequence of the work he was engaged in, but was due to an unusual and unexpected occurrence, connected with the employment. *Smith v. Creamery Co.,* 217 N. C., 468, 8 S. E. (2d), 231; *Robbins v. Hosiery Mills,* 220 N. C., 246, 17 S. E. (2d), 20. It was an untoward event without design or expectation. *McNeely v. Asbestos Co.,* 206 N. C., 568, 174 S. E., 509; *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266. As was said in *MacRae v. Unemployment Comp. Com.,* 217 N. C., 769, 9 S. E. (2d), 595, "The unusual circumstances and conditions under which said injury was produced constituted an accident arising out of his employment." The general principle underlying claimant's claim is stated in 28 R. C. L., 795, as follows: "It has very generally been held that a strain or rupture resulting from overexertion is an injury for which compensation should be allowed." And in 71 C. J., 618, it is said, "Internal injuries from unusual strain or overexertion under the same circumstances are generally held to be accidental and compensable." But the exertion must be exceptional to constitute an accident within the Act. It was said in *Brown's Case,* 123 Me., 424, "Sudden heart dilatation caused by a strain would, we think, in ordinary parlance be called accidental."

In *Moore v. Sales Co., supra,* the unusual conditions consisted in lifting a pipe of type and weight unaccustomed, causing hernia. Here, the evidence shows unusual strain from lifting a heavy body upstairs after strenuous and excessive exertion. In *Fields v. Plumbing Co.,* 224 N. C., 841, 32 S. E. (2d), 623, the Industrial Commission found that a plumber "was subjected to a greater heat beyond that the public generally who performed manual labor was subjected to at the time and place plaintiff's deceased suffered his heat stroke or in the immediate vicinity thereof," and concluded his death resulted from an injury by accident. The additional hazard created by artificial heat was held to be the super-inducing cause of the death of deceased, and the award of compensation was upheld.

Decisions from other jurisdictions based upon similar facts are in accord with the conclusion reached in the case at bar. *Green v. Bennettsville,* 197 S. C., 313; *Stier v. City of Derby,* 119 Conn., 22; *Farrel v. Ragatz Co.,* 189 Minn., 573; *Sullivan v. Aschenbach,* 33 F. (2d), 1; *Comer's Case,* 130 Me., 373; *Barcalow v. Bd. of Education,* 187 A., 32; *Big Jack Overall Co. v. Bray,* 161 Va., 446; *Indian Creek Coal & Mining Co. v. Calvert,* 68 Ind. App., 474; *Voorhees v. Schoonmaker,* 89 N. J. L., 500; *Carroll v. Industrial Com.,* 69 Col., 473, 19 A. L. R., 110;

---

*Beck Mining Co. v. Industrial Commission,* 88 Okl., 347, 28 A. L. R., 209; *Valeri v. Hibbing,* 169 Minn., 241; *Moore v. City of Patterson,* 12 A. (2d), 299; *Griffin's Case,* 315 Mich., 71; *Railway Mail Ass'n. v. Forbes,* 49 S. W. (2d), 880; *Gugon v. Swift Co.,* 229 Iowa, 625; *McCormick Lumber Co. v. Dept. Labor & Industries,* 108 P. (2d), 807, annotated in 9 Neg. & Comp. Cases (N. S.), 335, *et seq.*

The defendants rely upon *Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844, and *Neely v. Statesville,* 212 N. C., 365, 193 S. E., 664, but we think these cases are distinguishable. In the *Slade case,* where compensation was denied, the Court said: "He was pursuing the general routine of his employment. Nothing unusual or unexpected took place at the mill. The weather was hot, but not excessively so. The case is free from 'injury by accident,' as that phrase is used in the Workmen's Compensation Act." In the *Neely case,* where the deceased, who was chief of the fire department, died from a heart attack brought on by fighting a fire, it appeared that the deceased had been for more than two years a sufferer from chronic cardiac condition and that "the work in which the deceased was engaged was the usual work incident to his employment." In *Buchanan v. Highway Com.,* 217 N. C., 173, 7 S. E. (2d), 382, where it was found that claimant while lifting a scoop "in the usual manner and without anything unusual happening" became sick and unable to work, compensation was denied.

The defendants' assignments of error based on exceptions to the admission in evidence of the answers of medical experts to hypothetical questions do not indicate that any material evidence was improperly considered by the Commission. In *Tindall v. Furniture Co.,* 216 N. C., 306, 4 S. E. (2d), 894, it was said, "The application of the rule of conclusiveness of the findings of the Industrial Commission as to controverted issues of fact, when based on competent evidence, is not defeated by the fact that some of the testimony offered may be objectionable under the technical rules of evidence appertaining to courts of general jurisdiction, as was pointed out in *Maley v. Furniture Co.,* 214 N. C., 589, and *Consolidated Edison Co. v. National Labor Relations Board,* 305 U. S., 197."

The judgment affirming the award of compensation by the Industrial Commission is

Affirmed.