WOODROW C. KING, EMPLOYEE, PLAINTIFF APPELLANT v. FORSYTH COUNTY, EMPLOYER, TRAVELERS INSURANCE COMPANY, CARRIER, DEFENDANT APPELLEES

No. 7910IC682

(Filed 4 March 1980)

**Master and Servant § 67— workmen's compensation—heart attack—overexertion shown—no showing of unusual activity required**

> Where it was clear from the evidence in a workmen's compensation case that the injury to plaintiff deputy sheriff's heart occurred suddenly and immediately after the foot chase of a suspect, and that it was the overexertion experienced during the foot chase that caused the injury to his heart, it was not necessary for plaintiff to show that the overexertion which was the cause of his injury occurred while he was engaged in some unusual activity, since it was the extent and nature of the exertion that classified the resulting injury to the plaintiff's heart as an injury by accident within the meaning of G.S. 97-2(6).

APPEAL by plaintiff from order of the North Carolina Industrial Commission entered 27 March 1979. Heard in the Court of Appeals 6 February 1980.

Claimant (King) was employed as a Deputy Sheriff in Forsyth County. On 9 May 1977, while on duty, he engaged in a vigorous foot chase of a fleeing suspect. Immediately following the chase, King suffered difficulty in breathing. He was promptly taken to Forsyth Memorial Hospital where he was examined by Dr. William J. Spencer. Dr. Spencer diagnosed that King had experienced an acute myocardial infarction. King was totally disabled and has not worked since the heart attack. Following the hearing before Deputy Commissioner Denson, King was found to be totally and permanently disabled and was awarded compensation. On review, the full Commission reversed Deputy Denson's award.

*Yokley & Teeter, by D. Blake Yokley, for plaintiff appellant.*

*Hutchins, Tyndall, Bell, Davis & Pitt, by Richard Tyndall, for defendant appellees.*

WELLS, Judge.

We first note that jurisdiction of appellate courts from an award of the Industrial Commission is limited to review of: (1)

whether there was competent evidence before the Commission to support its findings; and (2) whether such findings support its legal conclusions. *Perry v. Furniture Co.,* 296 N.C. 88, 249 S.E. 2d 397 (1978); *McRae v. Wall,* 260 N.C. 576, 133 S.E. 2d 220 (1963).

The full Commission found that on 9 May 1977, King was forty-nine years old, in good health, and had no prior indication of heart problems. His most recent physical examination was on 25 February 1977. The Commission determined that King suffered his heart attack as a result of physical exertion entailed in the chase on 9 May 1977, and that he became totally disabled as a result of the heart attack. The Commission then concluded that on 9 May 1977, King did not sustain an injury by "accident" arising out of and in the course of his employment, within the meaning of G.S. 97-2(6). To put the matter clearly in focus, we quote the following pertinent entry in the Commission's order:

> The element of accident in this case turns on whether the activity of plaintiff's chasing on foot the suspect constituted a sufficient departure from plaintiff's normal or ordinary work routine. It is the plaintiff's burden to place in the record evidence of his normal work routine. This record does not supply information as to frequency with which plaintiff engaged in chase on foot of a suspect.

> To the question: "How would you describe the foot chase that you engaged (sic) as being a part of your duties, normally?" [h]is answer was: "Very unusual."

> This does not establish a variance from the ordinary work routine upon which can be found facts to support [a] conclusion of an accident within the meaning of that term as used in the Workmen's Compensation Act. This record does not contain evidence such as was present in GABRIEL v. NEWTON, 227 N.C. 314 (1941). [sic] [Brackets removed.]

We believe the Commission's ruling is based upon an erroneous interpretation of law. In *Gabriel v. Newton,* 227 N.C. 314, 42 S.E. 2d 96 (1947), our Supreme Court clearly recognized that damage to heart tissue clearly precipitated or caused by "overexertion" constitutes an injury by accident. In *Gabriel,* the claimant was employed as a municipal policeman. On the night of his injury, he was called upon to arrest a man under the influence of

liquor. The man violently resisted arrest and after great exertion and a prolonged struggle, he was subdued and carried to jail. There, Gabriel and another person carried him up three flights of stairs to the jail. On arrival at the top of the stairs, Gabriel collapsed. A physician was called, and he diagnosed Gabriel's condition as acute dilatation of the heart due to excessive exertion. In holding that the injury to Gabriel's heart was by accident within the meaning of the Workmen's Compensation Act, our Supreme Court enunciated a number of standards from which an accident might be inferred under such circumstances:

> The injury was not a natural and probable consequence of the work he was engaged in, but was due to an unusual and unexpected occurrence, connected with the employment. [Citations omitted.] It was an untoward event without design or expectation. [Citations omitted.] * * * The unusual circumstances and conditions under which said injury was produced constituted an accident . . . . It has very generally been held that a strain or rupture resulting from overexertion is an injury for which compensation should be allowed . . . . But the exertion must be exceptional to constitute an accident within the Act . . . . Sudden heart dilatation caused by a strain would, we think, in ordinary parlance be called accidental.

227 N.C. at 318, 42 S.E. 2d at 98-99.

In *Lewter v. Enterprises, Inc.*, 240 N.C. 399, 82 S.E. 2d 410 (1954) our Supreme Court reviewed its position on the compensability of heart attack claims under the Workmen's Compensation Act. Writing for a unanimous court, Justice (later Chief Justice) Parker concluded, 240 N.C. at 404, 82 S.E. 2d at 415:

> From our cases cited above it is clear that in *heart disease* our decisions require a showing that the exertion was in some way unusual or extraordinary.

The question again came before our Supreme Court in *Bellamy v. Stevedoring Co.*, 258 N.C. 327, 128 S.E. 2d 395 (1962). Bellamy was employed at the Sunny Point Army Terminal as a carpenter. At the time his heart attack occurred, he was helping to move a safety net weighing about 500 pounds. While lifting the net, he experienced pain in his chest and became ill. A diagnosis

of coronary occlusion with myocardial infarction was made. It was unusual for Bellamy to do heavy lifting. The Industrial Commission awarded compensation, but the Supreme Court reversed, holding that the evidence was not sufficient to support a finding that Bellamy sustained any injury by accident. The medical evidence in *Bellamy* had shown that the work in which Bellamy was involved did not cause the attack. While Bellamy's expert medical witness testified that the exertion on the occasion might have been a precipitating or hastening factor, he concluded that "activity has nothing to do with production of a myocardial infarction." 258 N.C. at 329, 128 S.E. 2d at 397.

It is clear, therefore, that *Bellamy* must be distinguished from the position of the Supreme Court as articulated in *Gabriel* and *Lewter* on the grounds that the claimant in *Bellamy* failed to establish a causal link between the exertion and heart attack. We note that a substantial majority of other jurisdictions in the United States follow the spirit of *Gabriel* and allow compensation where work-related strain or exertion is the causing or precipitating factor of heart failure. 1B Larson's Workmen's Compensation Law § 38.30, p. 7-48 (1979).

Dr. Spencer saw the plaintiff immediately after the onset of his symptoms. He diagnosed plaintiff's condition as acute myocardial infarction. A "myocardial infarct" is a "region of dead or dying tissue in the muscle of the heart which is the result of a sudden obstruction of the blood circulation, usually by a clot lodged in a coronary artery." 2 Schmidt, Attorneys' Dictionary of Medicine, p. M-141 (1978). An infarction is defined as "the process which leads to the formation of an infarct . . . ." *Id.*, at I-30. The medical term "acute" means "of short and sharp course, not chronic . . . ." Stedman's Medical Dictionary, p. 19 (22nd ed. 1972). The events show that the chase took place on a muggy, hot morning and was extremely vigorous. Deputy King testified:

> I jumped out of the car and started pursuing on foot. The subject took off down between two houses into the woods. He was running fast. I pursued him on foot. I was running as hard as I could. I chased the subject for about two or three blocks. For about two to four minutes I was running flat out as hard as I could.

It is clear from the evidence in this case that the injury to Deputy King's heart occurred suddenly and immediately after the

foot chase, and that it was the overexertion experienced during the foot chase that caused the injury to his heart. The Commission's own findings are to that effect. We hold that under such circumstances, it was not necessary for the plaintiff to show that the overexertion which was the cause of his injury occurred while he was engaged in some unusual activity. It was the extent and nature of the exertion that classifies the resulting injury to the plaintiff's heart as an injury by accident within the meaning of G.S. 97-2(6). The evidence and the findings of the Commission support no other legal conclusion.

The order of the Industrial Commission is reversed and this matter is remanded to the Commission for entry of an order consistent with this opinion.

Reversed and remanded with instructions.

Judges MARTIN (Robert M.) and ERWIN concur.