ALFRED R. FERREYRA, Employee, Plaintiff v. CUMBERLAND COUNTY, Employer, SELF-INSURED, KEY RISK MANAGEMENT SERVICES, INC., Servicing Agent, Defendants

No. COA05-401

(Filed 17 January 2006)

**1. Workers' Compensation—injury by accident—giving CPR— exhaustion and aneurysm rupture**

There was evidence supporting the Industrial Commission's finding in a workers' compensation case that a deputy sheriff suffered an aneurysm rupture after giving CPR and that this was a compensable injury by accident. Although there was

testimony that deputies rarely perform CPR, it is the extent and nature of the exertion that determines whether the resulting injury was an injury by accident, and plaintiff did not need to show that the overexertion occurred while he was engaged in some unusual activity.

**2. Workers' Compensation—aneurysm rupture after giving CPR—causal relationship—medical testimony not speculative**

Medical testimony that the stress and excitement of performing CPR caused a deputy sheriff's aneurysm to rupture was unequivocal and not speculative and supported the Industrial Commission's findings that the aneurysm rupture was causally related to the deputy's employment. The Court of Appeals does not weigh the credibility or relative strength of evidence.

Appeal by defendants from opinion and award entered 13 January 2005 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 November 2005.

*MacRae, Perry, & MacRae, L.L.P., by Daniel T. Perry, III, for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, by Dayle A. Flammia and Courtney L. Coates for defendant-appellants.*

HUDSON, Judge.

Plaintiff Alfred R. Ferreyra, an employee of defendant Cumberland County ("the county"), claimed an injury by accident after he suffered a burst aneurysm at work on 26 February 2002. Following a hearing on 28 May 2003, Deputy Commissioner George T. Glenn, II, issued an opinion and award on 30 January 2004, concluding that plaintiff had sustained a compensable injury by accident at work and awarding benefits. Defendant appealed, and on 13 January 2005, the Full Commission issued an opinion and award affirming the Deputy Commissioner's opinion and award with minor modifications. Defendants appeal. As discussed below, we affirm.

At the relevant time, plaintiff was employed as a deputy sheriff. On 26 February 2002, plaintiff was on routine patrol with a trainee, when a young woman sought help for her mother ("the victim"). The victim had stopped breathing while in her daughter's car. Plaintiff was certified in cardiopulmonary resuscitation ("CPR") and as a First Responder, but had never had occasion to use CPR during his eight

years as a deputy sheriff. Plaintiff performed chest compressions on the victim in the front seat of the car, while the trainee began rescue breathing. After performing twenty-one sets of five chest compressions, plaintiff felt a sharp pain in his head, and another deputy took over performing the CPR. Plaintiff was unable to complete his shift due to his severe headache and went home. After over-the-counter medications and rest did not alleviate his pain, plaintiff went to the hospital where he was diagnosed as suffering from a brain aneurysm. Dr. Bruce P. Jaufmann treated plaintiff and performed surgery on him on 1 March 2002.

Dr. Jaufmann testified that:

It is my opinion that most likely the stress and excitement while performing CPR in attempting to save the individual's life resulted in an increase in blood pressure, which caused the aneurysm to rupture at that time . . . .

We begin by noting the well-established standard of review for worker's compensation cases from the Industrial Commission. This Court does not assess credibility or re-weigh evidence; it only determines whether the record contains any evidence to support the challenged findings. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *rehearing denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). We are "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). In addition, findings of fact not challenged on appeal are binding on this Court. *Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118, *disc. review denied*, 357 N.C. 460, 585 S.E.2d 760 (2003).

We note that defendants assign error to the commission's findings of fact 6, 7, 8, 13, 14, and 15, but fail to argue them in their brief to this Court. Accordingly, these findings are conclusive on appeal.

[1] Defendants first argue that the Commission erred in concluding that plaintiff sustained an injury by accident. We disagree.

The Workers Compensation Act provides benefits "only [when an] injury by accident aris[es] out of and in the course of the employment." N.C. Gen. Stat. § 97-2(6) (2003). An accident is "an unlooked for and untoward event which is not expected or designed by the per-

son who suffers the injury." *Adams v. Burlington Industries Inc.*, 61 N.C. App. 258, 260, 300 S.E.2d 455, 456 (1983) (citations omitted). "An accident therefore involves 'the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences.' " *Calderwood v. Charlotte-Mecklenburg Hosp. Auth.*, 135 N.C. App. 112, 115, 519 S.E.2d 61, 63 (1999), *disc. review denied*, 351 N.C. 351, 543 S.E.2d 124 (2000) (quoting *Adams*, 61 N.C. App. at 260, 300 S.E.2d at 456).

Defendants contend that this case is controlled by the holding in *Neely v. City of Statesville*, in which a firefighter's heart attack during a fire was found to be a non-compensable injury. 212 N.C. 365, 366, 193 S.E. 664, 665 (1937). The Supreme Court held that

> [t]he work in which the deceased was engaged was the usual work incident to his employment. The surrounding conditions might be expected at a fire. The falling in of the roof is a natural result of fire burning there. Heat and smoke are expected. Physical exertion is required in handling the hose and fire-fighting equipment. The firemen, of necessity, act hurriedly. We find no evidence of an accident.

*Id.* at 366-67, 193 S.E. at 665. Likewise, defendants here contend that plaintiff's injury occurred during usual work incident to his employment and is thus non-compensable. We believe that the case here is more analogous to *King v. Forsyth County*, 45 N.C. App. 467, 263 S.E.2d 283, *disc. review denied*, 3000 N.C. 374, 267 S.E.2d 676 (1980). In *King*, a deputy sheriff suffered a heart attack just after chasing a fleeing suspect. *Id.* at 468, 263 S.E.2d at 283. In reversing the commission's denial of compensation, this Court held that it:

> was not necessary for the plaintiff to show that the overexertion which was the cause of his injury occurred while he was engaged in some unusual activity. It was the extent and nature of the exertion that classifies the resulting injury to the plaintiff's heart as an injury by accident within the meaning of G.S. 97-2(6).

*Id.* at 471, 263 S.E.2d at 285. The *King* opinion also cites *Gabriel v. Town of Newton*, 227 N.C. 314, 42 S.E.2d 96 (1947), in which "our Supreme Court clearly recognized that damage to heart tissue clearly precipitated or caused by 'overexertion' constitutes an injury by accident." *King*, 45 N.C. App. at 468, 263 S.E.2d at 284. In *Gabriel*, a policeman suffered a heart attack after struggling with a man who was violently resisting arrest; the heart attack was held

to be a compensable injury by accident. *Gabriel,* 227 N.C. at 318, 42 S.E. 2d at 98-99.

Here, the commission found that plaintiff suffered an aneurysm following exhaustion from administering CPR in the course of his work, and that the physical exertion and stress of administering CPR caused the aneurysm to burst. Further the commission found:

> Plaintiff, Officer Mead and Wanda Smith the dispatcher testified CPR is seldom done by deputy sheriffs. Although they are trained in CPR, deputies are rarely first responders to medical emergencies. This was the first time plaintiff had done CPR in his 8½ years on the force and dispatcher Smith had not had any officer on the Sheriff's department doing CPR in her eight years as a dispatcher with the Department.

This finding which is well-supported by the evidence, supports the commission's conclusion that plaintiff, like the plaintiff in *Gabriel,* suffered a compensable injury by accident. These findings, which are conclusive on appeal, support the conclusion that plaintiff suffered a compensable injury by accident on 26 February 2002. Because plaintiff did not need to show that the overexertion which was the cause of his injury occurred while he was engaged in some unusual activity, the commission's findings are sufficient to support its conclusion. We overrule this assignment of error.

[2] Defendants next argue that the commission erred in concluding that plaintiff's employment was causally related to his aneurysm. We disagree.

Defendants contend that the evidence before the commission did not support the commission's finding that plaintiff suffered a ruptured aneurysm as a result of his work doing CPR on 26 February 2002. However, the record indicates that Dr. Jaufmann stated by letter that:

> Alfred Ferreyra suffered a subarachnoid hemmorage due to an anterior communicating artery aneurysm while giving CPR . . . . It is my opinion that most likely the stress and excitement while performing CPR in attempting to save the individual's life resulted in an increase in blood pressure which caused the aneurysm to rupture at that time.

This evidence supports the commission's finding that plaintiff's administration of CPR while working caused the aneurysm

which in turn supports the conclusion that plaintiff suffered a compensable injury.

Defendants assert that this testimony was incompetent and should not have been relied upon because it was based on speculation and conjecture. *See Dean v. Carolina Coach Co.*, 287 N.C. 515, 522, 215 S.E.2d 89, 94 (1975). Defendants contend that testimony from another medical expert should have been given greater weight than Dr. Jaufmann's. We conclude that Dr. Jaufmann's testimony was unequivocal and not speculative. This Court does not weigh the credibility or relative strength of evidence. *Adams*, 349 N.C. at 681, 509 S.E.2d at 414. Because the evidence supports the commission's findings of fact, which in turn support its conclusions of law, we overrule this assignment of error.

Affirmed.

Judges TYSON and LEVINSON concur.