REGINA LONG, Widow and Guardian Ad Litem for GAGE LONG and CALLIE LONG, Minor Children, of KENT LONG, Deceased Employee, Plaintiff-appellee North Carolina
v.
CITY OF CHARLOTTE, Employer, SELF-INSURED, Defendant-appellant
No. COA09-1344.
Court of Appeals of North Carolina.
Filed April 20, 2010.
Price Smith Hargett Petho & Anderson, by Wm. Benjamin Smith, for plaintiff-appellee.
Jones, Hewson & Woolard, by Lawrence J. Goldman, for defendant-appellant.

UNPUBLISHED OPINION
CALABRIA, Judge.
The City of Charlotte ("defendant") appeals from an Opinion and Award entered by the North Carolina Industrial Commission ("the Commission") awarding Regina Long ("plaintiff"), widow and guardian ad litem for Gage Long and Callie Long, death benefits for plaintiff's decedent Kent Long ("Long"). We affirm.

I. Background
Long, who was forty-four years old at the time of his death, had been employed as a firefighter with defendant for 18 years. Defendant's fire department regulations required each firefighter to engage in one hour of physical exercise during each shift. Long would satisfy this requirement by running wind sprints during every duty day.
On 1 December 2006, Long assisted in providing emergency medical care for an eight-year-old girl who was suffering from "an altered loss of consciousness." When Long returned to the fire station after the call, he received permission from his captain to run wind sprints. At some point during the wind sprints, Long collapsed and died.
An autopsy was performed by Dr. Thomas Owens ("Dr. Owens"). Dr. Owens determined that the cause of death was hypertrophic obstructive cardiomyopathy. At the time of his death, Long's heart was enlarged to 740 grams, more than 300 grams larger than an average adult male heart. According to Dr. Owens, Long's "extreme exertion" during wind sprints created a demand for blood flow that could not be met due to the cardiomyopathy, causing Long's heart to either shut down or experience arrhythmia. Dr. Owens additionally stated that death as a result of hypertrophic obstructive cardiomyopathy is rare and that Long was not at the end stages of the disease. It was Dr. Owens' opinion that Long's death was "triggered" by his running of wind sprints.
On 12 July 2007, plaintiff requested a hearing with the Commission to determine whether Long's death was compensable. On 29 August 2008, an Opinion and Award was filed by Deputy Commissioner John B. DeLuca, finding that Long's death was the result of a compensable injury by accident and awarding death benefits to plaintiff. On appeal, the Full Commission affirmed (with modifications) Deputy Commissioner DeLuca's Opinion and Award. Defendant appeals.

II. Standard of Review
This Court reviews an award from the Commission to determine: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact. The Commission is the sole judge of the credibility of the witnesses and the [evidentiary] weight to be given their testimony[;] however, findings of fact by the Commission may be set aside on appeal when there is a complete lack of competent evidence to support them. The Commission's findings of fact are conclusive on appeal if supported by competent evidence. This is so even if there is evidence which would support a finding to the contrary. The Commission's conclusions of law are reviewed de novo.

Fonville v. Gen. Motors Corp., ___ N.C. App. ___, ___, 683 S.E.2d 445, 447 (2009) (internal quotations and citations omitted).

III. Injury by Accidentm
Defendant's only argument on appeal is that the Commission erred by determining that Long suffered a compensable injury by accident. We disagree.
The Workers Compensation Act provides benefits only [when an] injury by accident aris[es] out of and in the course of the employment. An accident is an unlooked for and untoward event which is not expected or designed by the person who suffers the injury. An accident therefore involves the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences.
Ferreyra v. Cumberland Cty., 175 N.C. App. 581, 583-84, 623 S.E.2d 825, 827 (2006) (internal quotations and citations omitted). In addition, "once an activity, even a strenuous or otherwise unusual activity, becomes part of the employee's normal work routine, an injury caused by such activity is not the result of an interruption of the work routine or otherwise an `injury by accident' under the Workers' Compensation Act." Bowles v. CTS of Asheville, 77 N.C. App. 547, 550, 335 S.E.2d 502, 504 (1985).
Defendant argues that, because Long ran wind sprints during every duty day, these wind sprints became part of his normal work routine. Thus, defendant reasons, Long's heart failure while running these wind sprints could not be considered a compensable injury by accident.
While it is true that an injury suffered while performing the employee's normal work routine is not typically compensable, our Courts have also recognized that "damage to heart tissue clearly precipitated or caused by `overexertion' constitutes an injury by accident." King v. Forsyth Cty., 45 N.C. App. 467, 468, 263 S.E.2d 283, 284 (1980) (citing Gabriel v. Newton, 227 N.C. 314, 42 S.E.2d 96 (1947)). The King Court explained that, in determining whether overexertion resulted in an injury by accident,
it was not necessary for the plaintiff to show that the overexertion which was the cause of his injury occurred while he was engaged in some unusual activity. It was the extent and nature of the exertion that classifies the resulting injury to the plaintiff's heart as an injury by accident within the meaning of G.S. 97-2(6).
Id. at 471, 263 S.E.2d at 285.
This standard is often applied by our Courts in cases involving first responders, even when they are engaged in their normal work routine. In Gabriel, our Supreme Court held that a heart attack was a compensable injury by accident when it was suffered by a police officer who was struggling with a man who was strenuously resisting arrest. 227 N.C. at 318, 42 S.E.2d at 98-99. In King, this Court held that a police officer's heart attack that was suffered after chasing a fleeing suspect was a compensable injury by accident. 45 N.C. App. at 468, 263 S.E.2d at 284. In Ferreyra, this Court upheld an award of compensation to a deputy sheriff who sustained an aneurysm while administering CPR because a physician testified that the burst aneurysm was caused by the physical exertion and stress of performing CPR. 175 N.C. App. at 585, 623 S.E.2d at 827.
In the instant case, the Commission found as fact that:
Dr. Owens explained that, on the date of death, Mr. Long, through extreme exertion, had caused a demand for blood flow that could not be met as a result of the hypertrophy and enlargement of the heart causing the heart to shut down or experience arrythmia.
(Emphasis added). In addition, the Commission found that, according to Dr. Owens, Long was not in the end stages of hypertrophic obstructive cardiomyopathy, and therefore, a trigger was necessary to explain Long's death. The Commission found that this trigger was Long's running of wind sprints. These findings of fact were fully supported by Dr. Owens' testimony and are therefore considered binding on appeal. Fonville, ___ N.C. App. at ___, 683 S.E.2d at 447.
Utilizing these findings, the Commission concluded that Long's death was the result of extreme overexertion while running wind sprints and that, under the standard set forth in King, Long's death resulted from a compensable injury by accident. "Because plaintiff did not need to show that the overexertion which was the cause of his injury occurred while he was engaged in some unusual activity, the commission's findings are sufficient to support its conclusion." Ferreyra, 175 N.C. App. at 585, 623 S.E.2d at 828. This assignment of error is overruled.

IV. Conclusion
While the parties also briefly address whether Long's death could be considered the result of an occupational disease, there was no ruling regarding this issue below and thus, we do not address this argument. See N.C.R. App. P. 10(b)(1) (2008). The Commission's conclusion that Long suffered a compensable injury by accident is supported by its findings of fact and fully supports the award of death benefits to plaintiff.
Affirmed.
Judges HUNTER, Robert C. and HUNTER, Jr., Robert N. concur.
Report per Rule 30(e).