MRS. GENEVIEVE HOLLEMAN WEST, Widow, GENEVIEVE ADELIA WEST and JOSEPHINE MARIA WEST, Daughters of RUPERT E. WEST, Deceased, Employee, v. NORTH CAROLINA DEPARTMENT OF CONSERVATION AND DEVELOPMENT. Employer, Self-Insurer.

(Filed 22 September, 1948.)

**1. Death § 7b——**

Testimony of a statement by an officer shortly before his death from coronary occlusion that he "had had a time all the morning" arresting three men who resisted him, is incompetent as a dying declaration when not brought within the terms of G. S., 28-173.

**2. Master and Servant § 40b——**

A game warden died of coronary occlusion shortly after he had arrested three persons for fishing without a license.  There was no competent evidence before the Industrial Commission as to the nature, extent or effect on the officer of their resistance to arrest.  *Held:* There was no evidence from which the Industrial Commission could have found that the death resulted from an "accident."

**3. Master and Servant § 40f——**

Heart disease is not an occupational disease.  G. S., 97-53.

**4. Master and Servant § 40a——**

Ordinarily, heart disease is not an injury and death therefrom is not ordinarily compensable.

Appeal by plaintiff from *Bone, J.,* May Term, 1948, Dare.

Workmen's Compensation case instituted by dependents of Rupert E. West, deceased employee of defendant.

Rupert E. West was a district game warden.  His duties required him to patrol his territory and apprehend persons found violating the game and fish laws and to take them before some justice of the peace or other judicial officer for trial.

On 18 May 1946, he made a trip from his home in Moyock approximately 2½ miles to the mouth of a creek, apprehended three persons fishing without license, took them before a magistrate in Moyock and procured warrants against them.  The defendants pleaded guilty and were fined.  Two paid their fines, but the other one was "kind of sar-

castic like" and did not pay his fine until later. After he had paid, deceased "took the names down from the warrants . . . got in his car and drove off." This was about 11:30, and about 12:15 or 12:30 he died as the result of a coronary occlusion. He had suffered for some time prior thereto from angina pectoris due to diseased coronary arteries.

On the day of his death, after his return trip, deceased "looked rather flushed, it was a mighty hot day and he seemed high strung and ready to go. He was always in a hurry."

A medical expert testified that the exertion or "excitement" of the arrest, the trial and the other incidents of the morning, "including the running of the boat up the creek . . . could easily have caused the coronary occlusion and the resulting death."

One witness testified that the deceased, after the trial, "had a terribly worried expression" and said to her: "I have had a time all the morning, up the creek with three men resisting me without a fishing license, three men who had no license, and I had to come in and get warrants for them."

The hearing commissioner found that deceased, on the day he died, was simply performing his usual duties and that "After a most careful analysis of all of the evidence, the Commission can find no unusual, unforeseen or unexpected event which could be construed as an accident or injury by accident." An award was denied. The full commission affirmed. On appeal to the Superior Court, the order of the full commission denying an award was affirmed and plaintiff appealed.

*John B. McMullan and John H. Hall for plaintiff appellants.*

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for employer appellee.*

BARNHILL, J. The record is devoid of any evidence tending to show that the deceased died as the result of an injury by accident. Neither an accident nor an injury, as those terms are used in the Workmen's Compensation Act, is made to appear.

So far we have not held that mere resistance by one who is being taken into custody by an arresting officer constitutes an accident. The resulting exertion on the part of the officer, required in the performance of his duties, may be considered as an incident of his occupation. Be that as it may, the question does not arise on this record.

It is true that one witness stated that the deceased told her: "I have had a time all the morning, up the creek with three men resisting me without a fishing license, three men who had no license, and I had to come in and get warrants for them." Even so, the nature, extent, and effect of the resistance are not disclosed. Furthermore, this statement

of a deceased person was not brought within the terms of G. S. 28-173 and was inadmissible.

The finding of a material fact by the commission, to be sustained, must be supported by some competent evidence. *Logan v. Johnson,* 218 N. C., 200, 10 S. E. (2d), 653; *Gilmore v. Board of Education,* 222 N. C., 358, 23 S. E. (2d), 292; *Bank v. Motor Co.,* 216 N. C., 432, 5 S. E. (2d), 318.

Heart disease is not an occupational disease. Nor may it ordinarily be treated as an injury. G. S. 97-53. Hence death therefrom is not compensable. *Neely v. Statesville,* 212 N. C., 365, 193 S. E., 664; *Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844; *Gilmore v. Board of Education, supra.*

*Gabriel v. Newton,* 227 N. C., 314, 42 S. E. (2d), 96, relied on by plaintiff, is not in conflict with this conclusion. There, more than the ordinary exertion incident to the discharge of the duties of an officer was made to appear. The elevator was out of order. As a result, the officer was required to carry a drunken prisoner up three flights of steps. This was the unusual and exceptional. As a result, the muscles of his heart and blood vessels were unduly strained and stretched, causing acute dilatation of the heart. This was the injury.

As the conclusion of the Industrial Commission was the only permissible inference to be drawn from the evidence, the order denying the award was without error. The judgment of the court below approving the same must be

Affirmed.