SAM GRAY, Employee, Plaintiff v. DURHAM TRANSFER AND STOR-
AGE, INC., Employer; U. S. FIRE INSURANCE CO., Carrier,
Defendants

No. 7114IC40

(Filed 31 March 1971)

1. **Master and Servant § 55— workmen's compensation — meaning of**
   **"accident"**

   As used in G.S. 97-2(18), "accident" involves an interruption of
   the work routine and the introduction of unusual conditions likely to
   result in unpredicted consequences.

2. **Master and Servant § 65— workmen's compensation — accident —**
   **hernia**

   A hernia suffered by an employee does not arise by accident if the
   employee at the time was merely carrying out his usual and customary
   duties in the usual way.

3. **Master and Servant § 65— workmen's compensation — hernia —**
   **absence of accident**

   Hernia suffered by claimant while lifting a sofa bed in the perform-
   ance of his usual and customary duties as a mover of household furniture
   did not arise by accident where the only thing different about the
   incident to distinguish it from any other such lifting was the occur-
   rence of pain in claimant's left lower abdomen.

APPEAL by plaintiff from Order of the North Carolina In-
dustrial Commission filed 19 August 1970 denying compensation.

Plaintiff employee has worked in the furniture handling
business since about 1948. He had been employed by defendant
employer about one or two years as a truck driver. His duties
consisted of driving the truck and loading and unloading furni-
ture and office equipment. On 2 September 1969 he carried a
shipment of furniture and household goods by truck from Jack-
sonvile, N. C., to a storage warehouse in Memphis, Tenn. An-
other shipment of furniture was removed from the storage
warehouse in Memphis for delivery to a warehouse in Durham,
N. C. This shipment contained a heavy sofa bed and as plaintiff
and his helper were pushing up one end of the sofa bed in order
to stand it on the other end plaintiff felt a sharp pain in his
left side in the lower abdomen. The pain forced plaintiff to
turn the sofa bed loose and to sit down in the back of the truck.

Plaintiff testified: "The only thing unusual about handling
this piece of furniture on that day was that on this occasion I
got some pain, whereas on previous handling of furniture I

did not. I have handled furniture that weighed that much before and I have stood sofa beds that weighed this much before on end. And on previous occasions everything was fine. On this occasion the only difference was that I got that pain in my stomach. And I had never had no pain like that before."

Findings of Fact by the Hearing Commissioner are as follows:

"1. The plaintiff is a Caucasian male approximately forty-eight years of age. As of September 2, 1969, the plaintiff had been employed by the defendant employer for approximately fourteen years. His job classification was a 'driver'; that his duties consisted of loading and unloading household articles to and from his moving van and transporting the same to destinations on the Eastern Seaboard. Sometimes plaintiff would work alone and sometimes a fellow employee would be sent to help — there is no set policy.

"2. On September 2, 1969, the plaintiff delivered a 'household move' to storage in Memphis, Tennessee, and was loading items to return to Durham and ultimately to Rhode Island. The last item loaded in Memphis was a combination sofa bed. The plaintiff hired a helper to load this item and the sofa was placed in the truck. Plaintiff and his helper proceeded to stand the sofa on its end, and as the two lifted one end of the sofa approximately four feet from the floor of the truck, plaintiff felt a pain in his left side. Plaintiff turned the sofa loose and his helper continued putting it in place and securing the load. The plaintiff loaded nothing further but did ultimately drive the truck back to Durham, when he reported the incident to the dispatcher.

"3. The next morning the plaintiff went to the emergency entrance at Watts Hospital where his difficulty was diagnosed as a left inguinal hernia. A bed was not available in the hospital at this time and plaintiff drove the truck to Rhode Island and back. The plaintiff did not load or unload the truck in Rhode Island. He drove only.

"4. Ultimately the plaintiff was hospitalized and underwent surgery on September 15, 1969, which Dr. Carver performed. The plaintiff has not worked since September 15, 1969; however, he developed another inguinal hernia on

the right side and it was repaired on December 5, 1969. Plaintiff has not worked at all since the second operation; thus, he has not worked since September 15, 1969, until now.

"5. The only thing different or unusual about the incident of lifting the combination sofa bed in Memphis, Tennessee, to distinguish it from any other such lifting was the occurrence of pain; thus, the plaintiff was not injured by accident arising out of and in the course of his employment."

From the Hearing Commissioner's Order denying compensation, plaintiff appealed to the Full Commission. The Full Commission by Order filed 19 August 1970 adopted as its own the findings and conclusions of the Hearing Commissioner and denied compensation.

*Brooks & Brooks by Eugene C. Brooks III for plaintiff.*

*Spears, Spears, Barnes & Baker by Alexander H. Barnes for defendants.*

BROCK, Judge.

[3] As can be seen from Finding No. 5 quoted above, the Industrial Commission found that plaintiff *was not injured by accident* arising out of and in the course of his employment, because the only thing different or unusual about the incident to distinguish it from any other such lifting was the occurrence of pain.

It is plaintiff's contention that this ruling is error. He contends that, where the injury itself is unexpected, it constitutes an injury by accident; and that no external, fortuitous occurrence is necessary. Plaintiff cites and relies upon *Smith v. Creamery Co.*, 217 N.C. 468, 8 S.E. 2d 231. Plaintiff argues that although the Supreme Court has made what appears to be alternative interpretations of the statute (G.S. 97-2(18)) it has not specifically overruled the holding in *Smith*. In *Hensley v. Cooperative*, 246 N.C. 274, 98 S.E. 2d 289, the Court, referring to the language in *Smith* had this to say:

"*Smith v. Creamery Co.*, 217 N.C. 468, 8 S.E. 2d 231, was decided in 1940. The Court was again called upon to determine liability in hernia cases. Factually the case came within the rule announced by the Court in *Moore v. Sales*

Gray v. Storage, Inc.

*Co., supra,* [214 N.C. 424, 199 S.E. 605], and hence outside of the rule laid down in the *Slade* [209 N.C. 823, 184 S.E. 844] and *Neely* [212 N.C. 365, 193 S.E. 664] *cases, supra.* This was frankly recognized by *Justice Seawell,* who wrote the opinion. Having announced the fact, he uses language which lends support to the argument that the Court intended to adopt a new rule and hold that injury and accident were equivalent, at least in hernia and similar cases involving bodily infirmities. That the Court did not intend to abandon the rule announced in previous decisions that compensation could not be awarded unless the injury was produced by an accident seems apparent."

Regardless of how one reads the factual situation and the opinion in *Smith v. Creamery Co., supra,* the language of *Hensley v. Cooperative, supra,* decided approximately seventeen years later, makes it clear that the Supreme Court of North Carolina does not consider the law to be as contended by plaintiff. It is perfectly clear in *Hensley* that the Court interprets the statute as requiring an interruption of the usual work routine or the introduction of some new circumstance not a part of the usual work routine before a compensable injury arises in a hernia case. This view requiring an unusual or fortuitous occurrence was reaffirmed in *Lawrence v. Mill,* 265 N.C. 329, 144 S.E. 2d 3, and again in *Rhinehart v. Market,* 271 N.C. 586, 157 S.E. 2d 1. It therefore seems that the interpretation of the statute now proposed by plaintiff has been clearly and consistently repudiated by the Supreme Court since 1957.

[1, 2] "Accident" as used in our statute (G.S. 97-2(18)) involves the interruption of the work routine and the introduction of unusual conditions likely to result in unpredicted consequences. A hernia suffered by an employee does not arise by accident if the employee at the time was merely carrying out his usual and customary duties in the usual way. *Lawrence v. Mill, supra.*

[3] Under the findings of fact in this case we hold that plaintiff was not injured by *accident* as contemplated by G.S. 97-2(18), and therefore his injury is not compensable.

Affirmed.

Judges MORRIS and VAUGHN concur.