CHARLES SOUTHARDS, EMPLOYEE v. BYRD MOTOR LINES, INC., EMPLOYER TRANSIT CASUALTY COMPANY, CARRIER

No. 7118IC243

(Filed 23 June 1971)

1. **Master and Servant § 93— workmen's compensation — right to compensation — findings of fact**

   The Industrial Commission is required to make specific findings of fact with respect to the crucial facts upon which the questions of plaintiff's right to compensation depend.

2. **Master and Servant § 55— workmen's compensation — what constitutes an accident**

   Accident within the meaning of the Workmen's Compensation Act involves the interruption of the work routine and the introduction of unusual conditions likely to result in unpredicted consequences. G.S. 97-2(18).

3. **Master and Servant §§ 55, 65— what constitutes an accident — lifting of goods — hernia — findings of fact**

   An "accident" did not arise from the mere fact that on the day of the injury (hernia) the employee, who ordinarily lifted furniture, was lifting cases of canned beans for the first time, that the day was hot, and that the employee was in a hurry.

APPEAL by defendants from the Opinion and Award of the North Carolina Industrial Commission, filed 19 November 1970.

Pursuant to the provisions of the Workmen's Compensation Act, G.S. 97-1 *et seq.*, plaintiff asserted this claim for compensation for injury sustained, on 28 July 1969, while in the employ of defendant Byrd Motor Lines, Inc. On 11 May 1970, a hearing was held before Deputy Commissioner C. A. Dandelake. Plaintiff's evidence tended to show the following. On 28 July 1969, plaintiff was employed by defendant as a dock worker, having been so employed since early June; on the day in question, plaintiff and a helper were unloading cases of canned pork and beans from a truck, each case weighing sixty pounds; plaintiff's usual job was to load or unload whatever was in the trucks, but the day in question was the first time that he had handled anything other than furniture; plaintiff's custom was to have help when lifting items weighing as much as one hundred pounds; on the occasion of his injury, plaintiff and the helper were in a hurry and were working faster than usual, each man handling two cases of beans at a time; plaintiff experienced a sharp pain in his left groin while lifting two cases of beans at once; plaintiff rested for a short time and then began to unload furniture, at which time he felt pain again and, upon investigation, found a knot in his groin; the injury was a left inguinal hernia; plaintiff had had a similar injury surgically repaired in September, 1968.

The Deputy Commissioner denied plaintiff's claim upon the ground that plaintiff had not suffered an injury by accident arising out of and in the course of his employment. The Full Commission vacated the opinion and award of the Deputy Commissioner, and entered an award in favor of plaintiff. Defendants appealed to this Court.

*Haworth, Riggs, Kuhn & Haworth, by Don G. Miller, for plaintiff-appellee.*

*Walser, Brinkley, Walser & McGirt, by Charles H. McGirt, for defendants-appellants.*

BROCK, Judge.

[1] Defendants assign as error that the conclusions of law are not supported by the findings of fact. Specific findings of

fact by the Industrial Commission, with respect to the crucial facts upon which the question of plaintiff's right to compensation depends, are required. *Morgan v. Furniture Industries, Inc.,* 2 N.C. App. 126, 162 S.E. 2d 619.

[2] "Accident" as used in our statute (G.S. 97-2(18)) involves the interruption of the work routine and the introduction of unusual conditions likely to result in unpredicted consequences. A hernia suffered by an employee does not arise by accident if the employee at the time was merely carrying out his usual and customary duties in the usual way. *Gray v. Storage, Inc.,* 10 N.C. App. 668, 179 S.E. 2d 883.

[3] The only facts found by the Commission with respect to circumstances existing at the time of plaintiff's injury were that plaintiff was lifting cases of canned goods for the first time, that the load weighed 120 pounds, that it was a hot day, and that he was hurrying. No finding was made as to the weight which plaintiff was accustomed to lifting unassisted. The mere fact that plaintiff was handling a different commodity than usual, without more, and that the weather was hot, are not enough to satisfy the requirement of an "interruption of the work routine and the introduction of unusual conditions likely to result in unpredicted consequences" stated in *Gray, supra.* Nor is the mere fact that plaintiff was in a hurry. See *Rhinehart v. Market,* 271 N.C. 586, 157 S.E. 2d 1. The statement that "[i]n the way and manner set out in finding of fact number two plaintiff sustained an injury by accident arising out of and in the course of his employment resulting in a hernia" was included among both the findings of fact (as finding of fact number three) and, with slightly different wording, the conclusions of law of the Commission. As a purported "finding of fact," the statement is surplusage, because the "way and manner set out in finding of fact number two," to which reference is made in finding of fact number three, does not disclose a compensable accident; as a "conclusion of law," it is unsupported by the findings of fact.

There was evidence in the record from which the Commission could have made the full findings of fact necessary to resolve the controversy, as required by *Morgan, supra.* This the Commission failed to do.

The award is vacated and the cause is remanded to the Industrial Commission for further proceedings as may be appropriate.

Award vacated and cause remanded.

Judges MORRIS and HEDRICK concur.