STEPHEN BENFIELD v. PAUL C. TROUTMAN AND TRAVELERS INSURANCE COMPANY

No. 7322IC84

(Filed 14 March 1973)

1. Master and Servant § 93— workmen's compensation — denial of motion for further hearing

In this workmen's compensation proceeding, plaintiff failed to show that the hearing commissioner abused his discretion in the denial of plaintiff's motion for a further hearing in order to present rebuttal testimony where plaintiff's motion did not state the nature of the rebuttal testimony or show that it would differ from testimony adduced at the original hearing.

2. Master and Servant § 94— findings of Industrial Commission — appellate review

Findings of fact of the Industrial Commission are binding on appeal when supported by any competent evidence, even though there be evidence that would have supported contrary findings.

APPEAL by plaintiff from an opinion and award of the North Carolina Industrial Commission entered 24 August 1972.

Plaintiff, Stephen Benfield, instituted this action pursuant to the provisions of the North Carolina Workmen's Compensation Act to recover compensation for injuries suffered by him on 23 January 1967. At a hearing in Statesville on 19 November 1970 before Deputy Commissioner Delbridge, the parties stipulated that "the plaintiff sustained an injury by accident arising out of and in the course of his employment. . . . " At the hearing Dr. Tom Van Goode testified that plaintiff had a 25 per-

cent permanent disability to his feet as a result of the injury. The hearing was continued to Charlotte for the purpose of taking additional medical testimony. On 9 August 1971, Dr. J. R. Hicks testified before Deputy Commissioner A. E. Leake in Charlotte that in his opinion "there was no residual disability as a result of the injury." On 23 August 1971 counsel for plaintiff wrote to the North Carolina Industrial Commission in Raleigh requesting "that the Commission, in its discretion, set this matter for a further hearing in Statesville, North Carolina, in order that Mr. Benfield may present certain rebuttal testimony in regard to this claim." At a hearing in Durham on 16 November 1971 before Deputy Commissioner Ben E. Roney, Jr., plaintiff renewed his motion for an additional hearing in which to present rebuttal testimony. Ruling on this motion was deferred to Deputy Commissioner W. C. Delbridge, the original hearing officer. On 14 December 1971 it was stipulated that the report of Dr. Lenox D. Baker dated 16 September 1968 could be received into evidence without an additional hearing in which to take testimony. In his report Dr. Baker states, "I would give him a 5% disability of the right foot as a minimum and this is probably liberal."

On 28 January 1972 Deputy Commissioner Delbridge denied plaintiff's motion for an additional hearing in which to present rebuttal testimony.

From an opinion and award of Deputy Commissioner Delbridge filed 28 January 1972, plaintiff appealed to the Full Commission.

From an opinion and award of the Industrial Commission dated 24 August 1972 overruling plaintiff's exceptions and affirming the order of Deputy Commissioner Delbridge, plaintiff appealed to this court.

*White and Crumpler by Michael J. Lewis for plaintiff appellant.*

*Spears, Spears, Barnes & Baker by Alexander H. Barnes for defendant appellees.*

HEDRICK, Judge.

[1]  Plaintiff first contends "[t]he trial court erred in denying plaintiff's motion for further hearing in order to present rebuttal testimony."

The motion for a further hearing in which to present rebuttal testimony was addressed to the sound discretion of the deputy commissioner and his ruling thereon is not reviewable on appeal absent a showing of abuse of discretion. *Harris v. Construction Co.*, 10 N.C. App. 413, 179 S.E. 2d 148 (1971); *Mason v. Highway Commission*, 273 N.C. 36, 159 S.E. 2d 574 (1968).

Plaintiff did not show in his motion the nature of the rebuttal testimony or that it would differ from testimony adduced at the original hearing. Plaintiff failed to show anything which would have justified a further hearing and has therefore failed to show an abuse of discretion by the hearing officer.

Plaintiff next asserts that "[t]he commission's findings are not supported by competent evidence and do not justify its legal conclusions and decision" but then "candidly concedes . . . that although there is substantial evidence contrary to the Commission's findings and conclusions, its findings appear to be supported by competent evidence and to support the decision."

[2]   Findings of fact of the Industrial Commission are binding on appeal when supported by any competent evidence, even though there be evidence that would have supported a contrary finding. G.S. 97-86; *Hales v. Construction Co.*, 5 N.C. App. 564, 169 S.E. 2d 24 (1969), cert. denied 275 N.C. 594 (1969).

The opinion and award of the Industrial Commission is

Affirmed.

Judges MORRIS and VAUGHN concur.