WILLIAM T. VASSOR, EMPLOYEE, PLAINTIFF v. ALBEMARLE PAPER COMPANY, EMPLOYER; PACIFIC EMPLOYERS INSURANCE COMPANY, CARRIER; DEFENDANTS

No. 7361C400

(Filed 27 June 1973)

Master and Servant § 65—workmen's compensation—absence of accident—customary work in usual way

Plaintiff employee was not injured by accident when he felt a pain in his back while keeping logs straight on a conveyor by use of a cant hook where he was merely carrying out his customary duties in the usual way at the time the injury occurred.

APPEAL by plaintiff from Order of the North Carolina Industrial Commission filed 29 January 1973 denying compensation.

On appeal by the defendants to the Full Industrial Commission from an award of compensation by the hearing commissioner in Roanoke Rapids, North Carolina, the Commission adopted the evidentiary rulings of the hearing commissioner and the stipulations of record and made the following findings of fact:

"1. Plaintiff is thirty-eight years old and had been employed with the defendant employer for more than ten years as a laborer in the employer's logging operation. His duties consisted of cleaning up the wood yard and other logging-related duties, such as keeping the logs straight on the conveyors by the use of a cant hook, when the prentice loader would break down.

2. The prentice loader would pick up logs and place them on the conveyor. When this particular piece of machinery would have occasion to break down, the logs would jam on the conveyor. Ordinarily, two employees would work to-

gether to keep the logs from jamming up by using cant hooks to move or turn the logs to a straight position on the conveyor, with each employee being stationed at an opposite end of the log. A cant hook is a device constructed of metal and wood in such a fashion so as to give or bend when used to move or turn logs. In the performance of the work, a protective rail exists between the employees and the logs which are located on the conveyor. The logs which the employees moved on the conveyor with cant hooks varied in size from sixteen to forty feet long and four to six inches in diameter.

3. On December 4, 1971 at about 10:15 a.m., prentice loader broke down and the operator of the conveyor signaled to the plaintiff to assume his duties on the conveyor with a cant hook. After plaintiff had been working alone with a cant hook for approximately one and one-half hours, four logs jammed on the conveyor. While pulling back on one of the logs with the cant hook, he felt a pain in his back. He was unable to straighten up his body and motioned to the operator of the conveyor for assistance.. When the operator arrived, plaintiff told him he had hurt his back and the operator took charge of the cant hook but could not turn the logs alone.

4. At the time complained of, plaintiff was performing his usual work in his ordinary and customary fashion. The particular movement which he was making at this time was no different from the movement he had made on other times while in the process of positioning logs on the conveyor. The logs on the day in question were no different from those which he had moved previously. The work which he was performing was his usual and customary work. The fact that only one employee was working on the logs did not increase the amount of effort required of plaintiff, and the only unusual aspect of the work on December 4, 1971 was that plaintiff felt a pain in his back while performing his regular duties. Plaintiff was not injured by accident arising out of and in the course of his employment on the day in question."

From the order of the Full Commission denying any benefits on the basis that the injury suffered was not an injury by accident, plaintiff appealed.

*Theaoseus T. Clayton and Samuel S. Mitchell for plaintiff appellant.*

*Allsbrook, Benton, Knott, Allsbrook and Cranford, by J. E. Knott, Jr., for defendant appellees.*

MORRIS, Judge.

We are of the opinion that the findings of fact of the Industrial Commission are supported by competent evidence and are binding upon us on this appeal. Therefore, the only issue to be discussed is whether the findings of fact support the conclusions of the Industrial Commission as a matter of law. *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706 (1952).

There is no controversy concerning the fact that the injury suffered by the employee Vassor arose out of and in the course of his employment. The sole question presented on this appeal is whether the injury suffered by Vassor resulted from an injury by accident. A back injury, such as was suffered by Vassor here, does not arise by accident if the employee at the time of injury was merely carrying out his usual customary duties in the usual way. *Lawrence v. Mill*, 265 N.C. 329, 144 S.E. 2d 3 (1965) ; *Gray v. Storage, Inc.*, 10 N.C. App. 668, 179 S.E. 2d 883 (1971).

In that regard we are of the opinion that the findings of fact in this case supported by competent evidence, justify the legal conclusion that the employee's injury did not result from an injury by accident.

Affirmed.

Judges BRITT and VAUGHN concur.