WILLIE L. HARDIN, EMPLOYEE v. A. D. SWANN TRUCKING CO., INC., EMPLOYER, LIBERTY MUTUAL INSURANCE CO., CARRIER

No. 7517IC936

(Filed 21 April 1976)

**Master and Servant §§ 66, 96— findings of Industrial Commission — review on appeal**

Evidence was sufficient to support the Industrial Commission's finding of fact that plaintiff's injury by accident during the course of his employment did not materially aggravate or accelerate a pre-existing disease or infirmity and did not proximately contribute to the loss of plaintiff's foot; and findings of fact of the Industrial Com-

mission are binding on appeal when supported by any competent evidence, even though there be evidence which would have supported a contrary finding.

APPEAL by plaintiff from an order of the North Carolina Industrial Commission entered 23 July 1975. Heard in the Court of Appeals 11 March 1976.

This is a proceeding under the Workman's Compensation Act, General Statutes Chapter 97, for temporary total disability, permanent partial disability and medical expenses for injury allegedly arising out of an accident on 3 January 1972. At a hearing held on 24 October 1974 and 22 January 1975, evidence was introduced which in pertinent part is summarized as follows:

Plaintiff was employed by defendant Trucking Co. as a truck driver. On 3 January 1972 as he was driving down Blue Ridge Mountain on Route 52 between Hillsville and the State line, the brakes on his truck gave way. The plaintiff jumped from the truck onto the pavement. He landed on his feet but the force of the jump threw him "into the road." The plaintiff testified that he "was stiff and sore and excited from shock" and that his right foot was swollen and in pain. Plaintiff was also bruised along his right side and a cut on his elbow required four stitches. Fulton Chandler, a fellow employee, testified that he saw plaintiff on 4 January 1972 and the plaintiff "complained about his feet or legs hurting him."

On 7 January 1972, plaintiff visited Dr. Forbes in Reidsville, North Carolina. Plaintiff testified that Forbes examined his foot which was swollen and sore but did not take an x-ray. He also testified that Dr. Forbes told him that he should see Dr. Register. Dr. Forbes's records, including his report on the Industrial Commission forms, which were introduced into evidence, showed only that plaintiff complained of a "bruise on left shoulder and side." No treatment was performed and the plaintiff continued to work. An affidavit by Dr. Forbes was introduced into evidence which showed that the plaintiff has had arteriosclerotic cardiovascular disease since 1969.

Dr. Register, an orthopedic surgeon from Greensboro, testified that he first treated plaintiff on 17 February 1972 on referral from Dr. Forbes. The plaintiff complained to him of pain in his right foot. The foot was sore and swollen. Dr. Register made a tentative diagnosis of cellulitis and gave the plaintiff

an ointment and an antibiotic for treatment and directed him to return in one week. On 24 February 1972, he saw the plaintiff again. The foot looked better although the plaintiff complained that "his foot felt numb and couldn't feel anything." Dr. Register directed the plaintiff to return again in one week but he did not see plaintiff again until 19 April 1972 "when he came in complaining of pain in his right foot." The plaintiff was admitted into Cone Hospital on 21 April 1972 and the foot was amputated on 4 May 1972 after it became gangrenous.

In response to a hypothetical question as to whether the accident described by the plaintiff on 3 January 1972 "could have or may have caused the problem which eventually necessitated the amputation of his foot," Dr. Register answered "it could have." On cross examination, he testified, "[I]t could have been an aggravation of a preexisting condition. I am not able to say to a reasonable medical certainty whether or not the problem which caused the amputation was an aggravation of a preexisting condition." The following then occurred:

"Q. Would you go so far as to say it was a reasonable medical probability?

A. Yes, sir, it could have been.

Q. By, 'could have been,' it was probable or possible?

A. It's possible.

Q. And possible is the strongest word?

A. That is all I can tell you.

Q. You couldn't say probable?

A. I couldn't say.

*    *    *

When he came to the office on February 17, 1972 we made a note stating: that Mr. Hardin was complaining of pain in right foot for several months; no known injury; has had some treatment by Dr. Forbes and medication. This record says no known injury. The secretary wrote this down. I never got any history from any injury. That is all I can tell you. The note says he had trouble several months prior to February 17th."

From an order denying compensation, plaintiff appealed.

Hardin v. Trucking Co.

*Clark M. Holt by Robert L. Watt III, and Griffin, Post, Deaton & Horsley by W. Edward Deaton for plaintiff appellant.*

*Smith, Moore, Smith, Schell and Hunter by Martin M. Erwin and J. Donald Cowan, Jr., for defendant appellees.*

HEDRICK, Judge.

The one question presented on this appeal is whether the Commission erred in making the following finding:

> "Plaintiff's injury by accident on January 3, 1972 did not materially aggravate or accelerate a preexisting disease or infirmity and did not proximately contribute to the loss of plaintiff's foot."

Causation between the accident and the subsequent disability is an issue of fact to be determined by the Commission from competent evidence. *Anderson v. Construction Co.*, 265 N.C. 431, 144 S.E. 2d 272 (1965). *See also, Manuel v. Cone Mills Corp.*, 242 N.C. 309, 87 S.E. 2d 558 (1955); *Anderson v. Northwestern Motor Co.*, 233 N.C. 372, 64 S.E. 2d 265 (1951). Findings of fact of the Industrial Commission are binding on appeal when supported by any competent evidence, even though there be evidence which would have supported a contrary finding. *Petree v. Duke Power Co.*, 268 N.C. 419, 150 S.E. 2d 749 (1966); *Benfield v. Troutman*, 17 N.C. App. 572, 195 S.E. 2d 75 (1973), *cert. denied* 283 N.C. 392, 196 S.E. 2d 274 (1973).

Assuming that there is evidence in the record which would support a finding by the Commission that the injuries suffered by plaintiff on 3 January 1972 contributed to the ultimate loss of his foot, the Commission found otherwise; and there is competent evidence in the record to support the Commission's findings.

The order appealed from is affirmed.

Affirmed.

Judges MORRIS and ARNOLD concur.