LONNIE B. FOWLER, EMPLOYEE-PLAINTIFF v. CHAIRCRAFT, INCORPORATED, EMPLOYER-DEFENDANT AND CITY INSURANCE COMPANY, CARRIER-DEFENDANT

No. 7810IC546

(Filed 5 June 1979)

**Master and Servant § 55.3— workmen's compensation—back injury—accident**

    The evidence, though conflicting, was sufficient to support findings by the Industrial Commission that plaintiff upholsterer slipped as she turned to pick up a chair and hurt her back and that her injury therefore resulted from an accident.

APPEAL by defendants from the North Carolina Industrial Commission opinion and award of 8 March 1978. Heard in the Court of Appeals 8 March 1979.

Plaintiff seeks compensation for a back injury allegedly sustained while working for defendant, Chaircraft, Inc. A hearing was held before a Deputy Commissioner who denied an award on 4 October 1977. The evidence at that hearing tended to show that on 27 May 1976, plaintiff was working for Chaircraft upholstering chairs. She had been employed for over four years and her normal duty was building diners but she had been upholstering chairs for several days prior to 27 May 1976. In upholstering, plaintiff had to turn ninety degrees to lift up the chair cushion and put it on her work table and then had to pick up the chair, carry it over a co-worker's head and put it on the table. Around 9:00 a.m. on that date plaintiff was turning to pick up a chair. The evidence is conflicting as to what exactly happened. Plaintiff testified that when she turned she stumped her toe on her co-worker's mat and had to catch the chair to keep from falling. She then went to lift the chair and immediately felt a sharp pain in the lower center of her back. She told her co-worker that she had hurt her back and her co-worker lifted plaintiff's chairs for the remainder of that work day. Plaintiff worked the following day but testified that she was in pain. In an earlier statement to the defendants, plaintiff did not maintain that she had slipped. Plaintiff underwent surgery on 24 January 1977 to correct a herniated disc. The parties stipulated that plaintiff has a ten percent permanent partial disability. The Deputy Commissioner's denial of an award was reversed by the Full Commission which found that plaintiff's injury was an accident which arose out of and in the course of employment. From this finding, defendants appeal.

*West and Groome, by Ted G. West and J. Michael Correll, for plaintiff appellee.*

*Hedrick, Parham, Helms, Kellam, Feerick and Eatman, by Edward L. Eatman, Jr., for defendant appellants.*

VAUGHN, Judge.

Defendants contend that the Full Commission erred in finding that plaintiff sustained a compensable injury because the evidence was insufficient to support this finding. "Findings of Fact of the Industrial Commission are binding on appeal when supported by any competent evidence, even though there be evidence which would have supported a contrary finding." *Hardin v. Trucking Co.*, 29 N.C. App. 216, 219, 223 S.E. 2d 840 (1976); *Larue v. Austin-Berryhill, Inc.*, 25 N.C. App. 408, 213 S.E. 2d 391, *cert. den.*, 287 N.C. 466, 215 S.E. 2d 624 (1975); *Benfield v. Troutman*, 17 N.C. App. 572, 195 S.E. 2d 75, *cert. den.*, 283 N.C. 392, 196 S.E. 2d 274 (1973). "The Commission is the judge of the credibility of the witnesses and the weight to be given the evidence." *Rosser v. Wagon Wheel, Inc.*, 19 N.C. App. 507, 511, 199 S.E. 2d 150, *cert. den.*, 284 N.C. 424, 200 S.E. 2d 660 (1973).

Defendants claim the evidence was insufficient to show that this injury was accidental. An accident does not result from the completion of normal and customary duties in the usual way but rather involves interruption of the work routine and unusual conditions. *Gray v. Storage, Inc.*, 10 N.C. App. 668, 179 S.E. 2d 883 (1971). The evidence was contradictory as to whether plaintiff slipped as she turned to pick up the chair. The Full Commission found that plaintiff had slipped and, as she attempted to pick up the chair, she hurt her back. Since the evidence supported the finding that there was an accident arising out of and in the course of the employment, the Commission's conclusion that this was a compensable injury was proper. The Commission, therefore, did not err in awarding compensation to plaintiff.

Affirmed.

Judges CLARK and CARLTON concur.