Upon review of the competent evidence of record with respect to the errors assigned, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Reliance Insurance Company was the carrier on the risk.
4. The date of injury was 9 November 1996.
5. Plaintiff was out of work from 10 November 1996 through 8 December 1996 and from 10 February 1997 through 11 June 1997.
In addition, the parties stipulated into evidence the following:
1. Packet of medical records and reports.
2. Transcript of a recorded statement.
3. Thirty pages of wage information.
 ***********
The Full Commission affirms the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. As of 9 November 1996, plaintiff, who is thirty-six years old and a certified nursing assistant, had been working for two weeks for defendant-employer, an employment agency which supplied nursing assistants to various nursing homes. She was assigned to work that day at Huntersville Oaks, the nursing home where she had received her training. The nursing home had a number of floors with different levels of patient care. On the morning of 9 November 1996, plaintiff was working on the third floor, which was a skilled level floor, when one of the head nurses came to her and told her that she was needed on a lower floor immediately.
2. Plaintiff left the patient she was working with to go to the other floor, but she first needed to go to the rest room, so she stopped in the rest room on the third floor. As she was rising to a standing position from the toilet, her right knee "went out" causing her to fall. The pain in her knee was so severe at that point that she was unable to get up, so she called for assistance. Co-workers then helped her up and into a wheelchair. She was then seen at the hospital where she was referred to Dr. Ohl, an orthopedic surgeon. He saw her on 14 November 1996 and was of the impression that she had a possible tear of her right medial meniscus. He subsequently recommended surgery.
3. Since plaintiff's worker's compensation claim was denied, Dr. Ohl did not perform the surgery. Consequently, plaintiff sought treatment for Dr. Singer who operated on her knee on 10 February 1997. During the operation, a bucket handle tear of the medial meniscus was identified and repaired, some chondromalacia was debrided and a partial tear of her anterior cruciate ligament was noted. Dr. Singer and Dr. Tabor, the resident working with him, followed her recovery from the surgery and also treated her for some back pain which she subsequently developed. She had not been released from medical care as of the last office visit shown in the medical reports in evidence.
4. When plaintiff began to stand up on 9 November 1996, she was unaware of there being anything unusual about her movements or circumstances. She had used this rest room on previous occasions. Other than the fact that she was in a hurry to get down to the other floor, there was nothing unusual or out of the ordinary in the manner that she began to stand up on this occasion.
5. Plaintiff fell because her knee gave way. Her fall was not unexplained and did not cause the knee injury. Rather, the knee condition caused the fall.
6. Although plaintiff sustained an injury arising out of and in the course of her employment on 9 November 1996, her injury did not result from an accident.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an "accident". N.C. Gen. Stat. § 97-2 (6).
2. An "accident" must involve more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v. Thomas and Howard Company,256 N.C. 427, 124 S.E.2d 109 (1962).
3. On 9 November 1996, plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6);Southards v. Byrd Motor Lines, 11 N.C. App. 583,181 S.E.2d 811 (1971).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 AWARD
1. This claim must, under the law, be and it is hereby DENIED.
2. Each side shall pay its own costs.
3. Defendants shall pay a penalty in the amount of $75.00 for their failure to file a Form 33R within forty-five days as required by Rule 603 of the Workers' Compensation Rules of the Industrial Commission.
 *********** S/ _______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
RCR:jbd