ALVIS T. WEAVER v. SWEDISH IMPORTS MAINTENANCE, INC., RELIANCE INSURANCE COMPANY

No. 8210IC183

(Filed 19 April 1983)

**Master and Servant § 67— workers' compensation—heart attack—accident**

The evidence supported the Industrial Commission's determination that plaintiff mechanic *was injured by accident arising out of and in the course of his employment* in that his activity in attempting to replace a wheel and tire on an automobile required unusual or extraordinary exertion and, by reason thereof, he sustained a heart attack where it tended to show that the total weight of the tire and wheel was 60 pounds, some 20 pounds heavier than the tires he normally worked with; while plaintiff was in a squatting position, he lifted a wheel and tire off the floor and upward toward the hub; the hub turned and he missed placing the wheel on it; the weight of the wheel pulled him over forward and he experienced a heart attack; he lifted the wheel and tire several inches higher than normal; he normally scooted the wheel up to the hub by using his knees without bodily lifting the wheel the distance to the hub; plaintiff's medical expert testified that in his opinion the exertion of lifting the wheel and tire from the floor and attempting to place it on the hub

could have precipitated the heart attack; and plaintiff had not had any difficulty with chest pains before and was in good health.

APPEAL by defendant from order of the North Carolina Industrial Commission entered 8 September 1981. Heard in the Court of Appeals 11 January 1983.

This action was brought under the Workers' Compensation Act for compensation for the temporary total disability of plaintiff, Alvis T. Weaver, alleged to have resulted from an injury by accident arising out of and in the course of his employment as a mechanical technician by defendant, Swedish Imports Maintenance, Inc. A hearing was conducted before Deputy Commissioner Haigh. Upon the evidence presented, the deputy commissioner found that on 12 April 1979, plaintiff's activity in attempting to replace a wheel on a Volvo automobile, under the circumstances, required unusual or extraordinary exertion and, by reason thereof, he sustained a myocardial infarction or heart attack. The deputy commissioner concluded that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer, and awarded compensation for temporary total disability from 13 April 1979 to 15 July 1979. On review, the Full Commission modified two of Deputy Commissioner Haigh's findings of fact and adopted and affirmed the award of compensation to plaintiff. Defendants appeal.

*Newsom, Graham, Hedrick, Murray, Bryson, Kennon & Faison, by William P. Daniell, for defendant appellants.*

*E. C. Harris, for plaintiff appellee.*

JOHNSON, Judge.

The issues on appeal in this workers' compensation case are whether the Commission erred in finding and concluding that the plaintiff's activity at the time he sustained a myocardial infarction constituted an unusual or extraordinary exertion and erred in finding and concluding that there was a causal relationship between the plaintiff's employment and the injury suffered by him.

We note at the outset that the jurisdiction of appellate courts on appeal from an award of the Industrial Commission is limited to the questions of (1) whether there was competent evidence

before the Commission to support its findings and (2) whether such findings support its legal conclusions. *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978); *King v. Forsyth County*, 45 N.C. App. 467, 263 S.E. 2d 283, *disc. rev. denied*, 300 N.C. 374, 267 S.E. 2d 676 (1980).

The Full Commission found the following facts to which no exceptions have been taken: Plaintiff worked for the defendant employer as a mechanical technician performing maintenance and repair work on Volvo and Saab automobiles. On 12 April 1979 he began repairing a Volvo. Plaintiff, who was 5 feet, 4 inches tall and weighed 125 to 130 pounds, used a jack to raise the automobile so that the front wheels were approximately two inches above floor level. He removed the front wheels, rolled them out of the way, and jacked the Volvo to a height so that the center of the wheel hub was about 20 inches above floor level. Each wheel weighed approximately 60 pounds. Later, while plaintiff was in a squatting position, he turned to his right and lifted a wheel off the floor and upward toward the hub to replace it. The hub turned and he missed placing the wheel on it. The weight of the wheel pulled him over forward and he experienced a crushing chest pain, dropped the wheel and fell forward to his knees. He remained on the floor for about five minutes in terrible pain and with loss of the use of his arms. The wheel which plaintiff was lifting was larger than the normal size of one on a Volvo. Also, plaintiff had never been in a squatting position before while lifting a wheel this heavy this distance. He normally jacked the wheel so that the clearance between a mounted wheel and the floor was only about two inches and he normally scooted the wheel up to the hub by using his knees, without bodily lifting the wheel the distance to the hub.

Plaintiff was later examined by Dr. Samuel W. Warburton, Jr. at Durham County General Hospital. Dr. Warburton diagnosed that plaintiff had suffered an anterior wall myocardial infarction or heart attack. Plaintiff was hospitalized, placed in intensive care, and given medication. Subsequent to his discharge from the hospital, plaintiff was seen by Dr. Warburton through 7 September 1980. He released plaintiff to return to work 15 July 1979 without any physical limitations. Plaintiff returned to work with defendant employer 10 September 1979 and has continued to work there since.

At the time of the incident, plaintiff was 46 years of age. Prior to 12 April 1979 he had never had "heart problems" nor received medication therefor. Plaintiff did have a history of high blood pressure and routinely had medical checkups two or three times a year.

Defendants except and assign error to the following finding and conclusion:

Plaintiff sustained an injury by accident arising out of and in the course of his employment on 4-12-79. His activity, under the circumstances, required unusual or extra-ordinary exertion and by reason thereof he sustained a myocardial infarction.

Error is also assigned to this additional conclusion of law:

Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer on 4-12-79. G.S. 97-2(6): *GABRIEL v. NEWTON*, 227 N.C. 314 (1947).

Defendants concede that there was sufficient competent evidence to support a finding that the plaintiff lifted a 60 pound tire a greater distance than normal at the time of his injury, and that this finding is, therefore, conclusive upon appeal. However, defendants contend that there was insufficient evidence to support the Commission's finding that the plaintiff's activity constituted an unusual or extraordinary exertion. Defendants argue that "neither the existing case law nor simple logic support a finding that the lifting of the tire in question several inches higher than normal constitutes an unusual or extraordinary exertion."

In determining whether the facts found are supported by the testimony offered, we are to consider the evidence of record in the light most favorable for the claimant. Permissible inferences *contra*, which might be drawn from the testimony, would not warrant the court in setting aside the findings of the Commission. *Gabriel v. Newton*, 227 N.C. 314, 316, 42 S.E. 2d 96, 97 (1947). Examination of the testimony presented, taken in a light favorable to the claimant, leads to the conclusion that the finding of "unusual or extraordinary ·exertion" is supported by the testimony offered. The testimony offered shows that plaintiff

lifted, rather than "scooted" the tire and wheel as he usually did; that the total weight of the tire and wheel was 60 pounds, some 20 pounds heavier than the tires he normally worked with; and that he lifted this weight to a height higher than normal from a squatting position. This evidence supports the reasonable inference that the exertion required was unusual or extraordinary, particularly for a person as small as the plaintiff. Testimony from plaintiff's doctor that the lifting of a weight comparable to that of a normal tire might just as likely have precipitated plaintiff's heart attack, raising a permissible inference *contra*, does not warrant the setting aside of the Commission's findings. *Gabriel v. Newton, supra.* The Commission's finding of unusual exertion is supported by competent evidence and is therefore conclusive on appeal.

The Workers' Compensation Act, G.S. 97-1, *et seq.* defines a compensable personal injury as "injury by accident arising out of and in the course of the employment." G.S. 97-2(6). The same statute provides that an injury by accident "shall not include disease in any form, except where it results naturally and unavoidably from the accident."

Based upon its finding of excessive exertion, the Commission concluded that on 12 April 1979 plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer. Defendants contend that this conclusion is error because plaintiff has failed to demonstrate a causal link between his injury and his employment by expert medical testimony. In support of this contention, defendants rely upon *Bellamy v. Stevedoring Co.,* 258 N.C. 327, 128 S.E. 2d 395 (1962) and *Lewter v. Enterprises, Inc.,* 240 N.C. 399, 82 S.E. 2d 410 (1954) and argue that Dr. Warburton's testimony failed to establish that plaintiff's activity caused the heart attack and that the medical evidence demonstrated that plaintiff was going to suffer a heart attack regardless of that activity.

We believe that the Commission correctly concluded from the evidence presented that the extent and nature of plaintiff's exertion in lifting the wheel resulted in injury to the plaintiff's heart by accident within the meaning of G.S. 97-2(6), as that statute has been interpreted and applied in *Gabriel v. Newton, supra* and *King v. Forsyth County, supra.*

In this case Dr. Warburton, recognized as an expert in the general field of medicine, testified on direct examination that he did have an opinion satisfactory to himself as to the cause of the heart attack or myocardial infarction, and further stated that in his opinion the exertion expended in lifting a 60 pound wheel from the floor and placing it 20 inches from the floor could have precipitated the heart attack at that time. On cross-examination the following exchange occurred:

Q. You weren't saying his activity caused it?

A. Since cause with heart attack is extremely hard to determine, in my opinion —

Q. It wasn't your opinion to state his activity caused the heart attack?

A. There is a difference between cause and specific cause. I leave that to you.

Q. But your intention . . . you're talking about precipitation and by that I take it you mean it brought about the onset of the myocardial infarction?

A. Correct.

As to plaintiff's health prior to the heart attack, Dr. Warburton testified that although plaintiff had a history of past high blood pressure, plaintiff had not had difficulty with chest pains before and was in good health. Dr. Warburton admitted on cross-examination that arteriosclerosis of the coronary arteries is the primary cause of myocardial infarction. The doctor responded to a question regarding plaintiff's having some type of arteriosclerosis prior to 12 April 1979 by stating only "I would presume so."

"In *Gabriel v. Newton*, 227 N.C. 314, 42 S.E. 2d 96 (1947) our Supreme Court clearly recognized that damage to heart tissue clearly precipitated or caused by 'overexertion' constitutes an injury by accident." *King v. Forsyth County*, 45 N.C. App. at 468, 263 S.E. 2d at 284. In *Gabriel*, the claimant, a municipal policeman was called to arrest a young man under the influence of liquor. The man resisted and was subdued only by great exertion during a long struggle. Once at the jail, Gabriel and an assistant had to carry the man up three flights of stairs. On arriving at the top, Gabriel collapsed. A physician diagnosed Gabriel's condition as

acute dilation of the heart due to excessive exertion. The Commission awarded compensation. In affirming the award, the Supreme Court stated:

> It would seem from the facts found that reasonable inferences may be drawn which afford support for the conclusion reached that the deceased suffered an injury by accident within the meaning of the statute, and that death proximately resulted . . . There was evidence warranting the conclusion that the injury resulted not from inherent weakness or disease but from an unusual and unexpected happening. The circumstances, embracing the excessive exertion of subduing a recalcitrant prisoner and carrying the weight of his body up the stairs, indicated that the injury sustained was "a result produced by a fortuitous cause."

227 N.C. at 317-18, 42 S.E. 2d at 98. In *King* the claimant, a deputy sheriff, engaged in a vigorous foot chase of a suspect. Immediately after the chase, King suffered difficulty in breathing. A physician diagnosed that King had experienced an acute myocardial infarction. The Commission found that prior to the chase, King was 49 years old, in good health, and had no prior indication of heart problems. Further, that King had suffered his heart attack as a result of physical exertion entailed in the foot chase. However, compensation was denied by the Commission on the ground that the plaintiff had failed to show that the overexertion occurred while he was engaged in some unusual activity. This Court reversed the Commission's conclusion, holding that the evidence and the findings of the Commission supported no other legal conclusion but that the extent and nature of the exertion experienced during the foot chase classified the resulting injury to King's heart as an injury by accident within the meaning of G.S. 97-2(6). 45 N.C. App. at 471, 263 S.E. 2d at 285. Although the testimony of the medical expert which established the necessary causal link is not set out in the opinion, it is clear that this Court found the evidence of King's unusual physical exertion followed by a heart attack, coupled with his lack of prior indication of heart problems sufficient to establish a causal link between the exertion and the heart attack.

The evidence before the Commission in the case under discussion supports its conclusion that plaintiff suffered a compensable injury by accident while attempting to replace the wheel on

an automobile. The Commission found that the wheel plaintiff was lifting was heavier than normal; was lifted a greater height than normal from an unusual position; and that when plaintiff missed placing it on the hub, "the weight of the wheel carried or pulled him over forward whereupon he experienced crushing chest pains." Further, that plaintiff had never had "heart problems" nor medication therefor prior to the date of the injury, when an EKG (electrocardiogram) revealed an anterior wall myocardial infarction. Dr. Warburton's testimony, taken as a whole, establishes a causal link between the exertion and the heart attack. As in *Gabriel* and *King*, there was sufficient evidence warranting the conclusion that the injury resulted not from inherent weakness or disease, but from an unusual and unexpected occurrence.

*Bellamy v. Stevedoring Co., supra*, where recovery was denied, is distinguishable because the medical evidence in *Bellamy* had shown that the work in which Bellamy was involved did not cause the heart attack. There the claimant was 65 years of age, had a fair amount of arteriosclerosis and diabetes, which accelerates the arteriosclerosis hardening process. On the morning before his heart attack, Bellamy had vomited before leaving for work. Although his expert medical witness testified that the exertion on the occasion might have been a precipitating or hastening factor, he concluded that "activity has nothing to do with production of a myocardial infarction." 258 N.C. at 329, 128 S.E. 2d at 397.

Here, plaintiff's medical expert adequately established the causal link between the activity and the injury. The defendants' reliance upon *Lewter v. Enterprises, Inc., supra*, is similarly misplaced. The record in that case indicated that Mrs. Lewter had been treated by a doctor for high blood pressure for some three years. Mrs. Lewter, who was a cashier in the ticket booth of a theater, had been told that the theater was on fire. She exerted herself while giving the patrons refunds. Later, Mrs. Lewter collapsed unconscious in the ticket booth and died the following morning of a cerebral hemorrhage due to hypertension. The medical evidence was to the effect that the fire and Mrs. Lewter's excitement would only have aggravated her condition. Recovery was denied on the grounds that Mrs. Lewter's employment could not, therefore, be considered a contributing proximate cause to her death. However, the Supreme Court, in reviewing its position

on the compensability of heart attack claims under the Act, again concluded that upon a showing that unusual or extraordinary exertion brought on the heart injury, compensation would be proper. 240 N.C. at 404, 82 S.E. 2d at 415.

Defendants' argument that plaintiff's history of high blood pressure leads to the inescapable conclusion that plaintiff was going to suffer a heart attack irrespective of the activity on the occasion, as was true of the claimants in *Bellamy* and *Lewter,* is not supported by the record in this case. Rather, the record amply sustains the Commission's findings and conclusions that plaintiff's activity under the circumstances required unusual or extraordinary exertion and that the damage to plaintiff's heart was precipitated or caused by that overexertion. For the reasons stated herein, the award of compensation by the Industrial Commission is

Affirmed.

Judges HEDRICK and EAGLES concur.