ALVIS T. WEAVER, EMPLOYEE, PLAINTIFF v. SWEDISH IMPORTS MAINTE-
NANCE, INC., EMPLOYER, RELIANCE INSURANCE COMPANY, CARRIER,
DEFENDANTS

No. 8510IC965

(Filed 6 May 1986)

**Master and Servant § 69.2— workers' compensation—successive myocardial infarc-
tions—award for permanent partial disability upheld**

> The Industrial Commission did not err by awarding permanent partial
> disability to a plaintiff who had suffered a myocardial infarction while working,
> suffered another myocardial infarction while in the hospital, suffered a third
> infarction over a year later during nonworking hours, received compensation
> for temporary disability, suffered one more myocardial infarction during non-
> working hours, was rendered unable to work, and moved for a modification of
> the prior award due to a change of condition warranting permanent partial
> disability. The Commission awarded compensation for only that part of plain-
> tiff's disability attributable to the injury previously held to be compensable;
> the test was not whether the later myocardial infarctions were the direct and
> natural result of the compensable primary injury. N.C.G.S. 97-47; N.C.G.S.
> 97-30.

> Judge MARTIN dissenting.

APPEAL by defendants from the North Carolina Industrial
Commission opinion and award filed 26 March 1985. Heard in the
Court of Appeals 5 February 1986.

This is a claim under the Workers' Compensation Act for
modification of a prior award due to an alleged change of condi-
tion that warrants an award for permanent partial disability. This
matter came on for hearing on 13 April 1984 before Deputy Com-
missioner Elizabeth McCrodden, who found a change of condition
but entered an opinion 28 July 1984 denying plaintiff's request for
benefits for permanent partial disability. Upon plaintiff's timely
appeal, this matter was heard before the Full Commission on 7
February 1985. The Full Commission reversed the order of the
Deputy Commissioner and ordered benefits for permanent partial
disability pursuant to G.S. 97-30. Defendants appeal.

*E. C. Harris, for plaintiff appellee.*

*Newsom, Graham, Hedrick, Bryson & Kennon, by William P.
Daniell, for defendant appellants.*

JOHNSON, Judge.

On 12 April 1979, plaintiff was employed as an automobile mechanic by defendant, Swedish Imports Maintenance, Inc., when he suffered a myocardial infarction while in the process of replacing a wheel on an automobile. During plaintiff's hospitalization he suffered a second myocardial infarction. Prior to the 12 April 1979 infarction plaintiff had no history of heart problems, although medical examinations at that time revealed plaintiff had coronary artery disease which predated 1979. Plaintiff returned to the same position of employment on or about 15 July 1979. Plaintiff's claim for compensation resulted in a finding that plaintiff had sustained a myocardial infarction as a result of undergoing an extraordinary exertion. In an opinion and award dated 25 February 1981, plaintiff received compensation pursuant to G.S. 97-29 for total temporary disability. This Court affirmed that order on appeal. *Weaver v. Swedish Imports Maintenance, Inc.*, 61 N.C. App. 662, 301 S.E. 2d 736 (1983).

In August 1980, plaintiff suffered another myocardial infarction while walking through a flea market during nonworking hours. Following a period of recuperation, plaintiff returned to work. In June 1981, plaintiff suffered a fourth myocardial infarction at home while waking from sleep. Since June 1981, plaintiff has been unable to work. Medical studies reveal the presence of a large amount of scar tissue in his heart that severely restricts the amount of blood that is ejected from the heart, as indicated by a left ventricular ejection fraction for plaintiff's heart in the range of sixteen percent (16%) to twenty-eight percent (28%) compared to a normal range between fifty percent (50%) and sixty-five percent (65%).

G.S. 97-47 allows for the modification of a prior award upon the motion of a party on the grounds of a change in condition so long as such motion for review is made within two years from the date of the last payment of compensation. G.S. 97-47. Compensation was last paid under the prior order on or about 13 September 1983; hence, plaintiff made a timely request for review. On 13 April 1984, Deputy Commissioner Elizabeth G. McCrodden, after allowing plaintiff's motion for review based on a change of condition, received evidence. Michael C. Hindman, M.D., testified as an expert witness in behalf of plaintiff; plaintiff also testified. In an

order filed 28 July 1984 denying plaintiff's claim under G.S. 97-30, Deputy Commissioner McCrodden made the following findings of fact:

> 8. Plaintiff has not returned to work since his June 1981 myocardial infarction. He has reached maximum medical improvement at this point. Plaintiff is totally and permanently disabled.
>
> 9. Plaintiff's disability is caused by a combination of the cumulative damage to the heart muscle resulting from the four myocardial infarctions and the continued underlying coronary occlusions that also cause angina.
>
> 10. Plaintiff has failed to show that the myocardial infarctions which occurred in August 1980 and June 1981 were the direct and natural result of the 12 April 1979 and subsequent myocardial infarctions and, therefore, that the 12 April 1979 injury by accident was a significant or measurable causal factor in his subsequent disability.

In the order filed 26 March 1985 reversing the Deputy Commissioner's order, the Full Commission stated:

> In the opinion of the Commission, the issue is not whether plaintiff's original and compensable heart attack caused his subsequent heart attacks but whether plaintiff's total and permanent incapacity to earn any wages was caused in whole or in part by his initial compensable attack.

The Commission stated Finding of Fact 9 was "clearly supported by medical evidence of record." The Commission adopted Finding of Fact 9 in Deputy Commissioner McCrodden's opinion and award, with slight change in wording. The Commission proceeded to point out that this factual finding resolved the determinative issue, whether plaintiff's total disability "was caused in whole or in part" by his initial attack, in plaintiff's favor. Accordingly, the Commission struck Finding of Fact 10, and inserted in lieu thereof "Plaintiff has been permanently and totally disabled from work since 1 June 1981." The Commission struck the order denying plaintiff's claim, ordered compensation for permanent partial disability pursuant to G.S. 97-30 beginning 1 June 1981, not to exceed 300 weeks, and affirmed and adopted the Deputy Commissioner's opinion and award as modified.

Weaver v. Swedish Imports Maintenance, Inc.

Defendants do not refute that a change occurred in plaintiff's condition from the time of the original award to the time plaintiff sought review. Change of condition refers to a substantial change of the injured employee's physical capacity to earn wages or in the earnings of the injured employee. *Swaney v. Newton Constr. Co.*, 5 N.C. App. 520, 169 S.E. 2d 90 (1969). Defendants do not argue their objections to the factual findings of the Commission in their brief. Rather, defendants state in their brief, "In the case at bar, there is no real dispute as to any of the relevant facts." In defendants' sole Assignment of Error presented in their brief, defendants object only to the legal standard applied to the facts. Defendants contend plaintiff cannot receive any additional compensation unless he can demonstrate a causal relationship between the first compensable myocardial infarctions and the subsequent myocardial infarctions. Defendants maintain that the proper test to establish this necessary causal relationship is whether the later myocardial infarctions were the "direct and natural result of the compensable primary injury." We disagree.

The test proposed by defendants does not apply to the facts of this case. The test proposed by defendants applies to a situation where the claimant first suffers a compensable injury by accident and subsequently sustains a second injury. When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, absent an intervening cause attributable to claimant's own intentional conduct. *Starr v. Charlotte Paper Co.*, 8 N.C. App. 604, 611, 175 S.E. 2d 342, 347 (1970). Hence, the second injury that is the proximate result of the first compensable injury is also compensable.

The above is not the situation before us. Plaintiff is not seeking compensation for his subsequent injuries. Further, the defendants' contention that the Full Commission erred in holding that plaintiff is entitled to "compensation for permanent *total* disability" is contrary to the record. (Emphasis added.) The record shows that plaintiff sought a review of his order and award regarding only the *first* compensable myocardial infarction. Although plaintiff was found to be totally disabled at the time of the review he did not seek, nor did he receive, an award of compensation for permanent *total* disability resulting from all four myocardial infarctions, but compensation pursuant to G.S. 97-30 for permanent

*partial* disability resulting from the first compensable myocardial infarction. Accordingly, the Full Commission struck the conclusion in the order and award and inserted in lieu thereof:

> Plaintiff has been permanently and totally disabled since 1 June 1981, *partially* as a result of his compensable heart attack on 12 April 1979, and is entitled to benefits for permanent *partial* disability. G.S. 97-30.

(Emphasis added.) The Full Commission awarded compensation for only that part of plaintiff's disability attributable to the injury previously held to be compensable.

In *Morrison v. Burlington Industries*, 304 N.C. 17, 282 S.E. 2d 458 (1981), the Court found that: Mrs. Morrison contracted chronic obstructive lung disease, an occupational disease, while employed by Burlington Industries; she was totally incapacitated for work; the occupational disease caused only part of her total incapacity; the remaining part of her disability was caused independently by her other physical disabilities, including chronic obstructive lung disease not caused, aggravated, or accelerated by an occupational disease, as well as bronchitis, phlebitis, varicose veins and diabetes, none of which were job related and none of which had been aggravated or accelerated by her occupational disease. Our Supreme Court held that even though Mrs. Morrison was totally disabled, she was "entitled to compensation *only to the extent of* the occupational disease's contribution," to wit: permanent partial disability as governed by G.S. 97-30. *Id.* at 11, 282 S.E. 2d at 465.

In the instant case, the Commission adopted the Deputy Commissioner's finding that plaintiff's first compensable myocardial infarction was a manifestation of a chronic heart problem which was progressive in nature, namely coronary artery disease causing coronary occlusions. The Commission found that plaintiff's total disability was caused by a combination of the cumulative damage to the heart muscle resulting from the four myocardial infarctions and the continued underlying coronary occlusions that also cause angina. These findings are conclusive on appeal. As in *Morrison, supra,* the Commission's conclusion that the claimant was totally and permanently disabled "*partially* as a result" of his compensable injury supports an award for permanent partial disability pursuant to G.S. 97-30. We note that had the Commission

found conclusively that plaintiff's pre-existing coronary artery disease had been materially aggravated or accelerated by plaintiff's compensable first myocardial infarction, a different result would ensue. *See Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978). However, based on the findings in the record on appeal, plaintiff properly received an award of compensation only to the extent of the compensable injury's contribution to his total disability. Therefore, we hold judgment is

Affirmed.

Judge BECTON concurs.

Judge MARTIN dissents.

Judge MARTIN dissenting.

I respectfully dissent. Although there can be no dispute that plaintiff's condition has changed since he last received compensation for his initial compensable heart attack, there is absolutely no evidence that the compensable heart attack produced his subsequent heart attacks or his continued coronary occlusions that cause his angina. Plaintiff has simply failed to prove that his change in condition is a direct and proximate result of his initial compensable injury.

Although stating that the "direct and natural result of the compensable primary injury" test is not applicable to this case, nowhere does the majority opinion articulate what alternative standard should be applied. In my opinion, both the Commission and the majority have applied, without saying as much, the "significant contribution" test of *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983) to the facts of this case. Unlike *Rutledge*, this case does not involve an occupational disease. Even if *Rutledge* is applicable, however, there has been no evidence that plaintiff's original compensable heart attack "significantly contributed to" his present condition.

Because the Commission's findings and conclusion do not support an award of compensation for plaintiff's present disability, the question of apportionment of disability under *Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E. 2d 458 (1981), also an

occupational disease case, does not arise. I vote to reverse the Opinion and Award of the Full Commission.