The undisputed facts of this case, together with the legal conclusions that flow therefrom, show a change of condition within the meaning of the Workers' Compensation Act. I must, therefore, respectfully dissent.
In the present case, plaintiff suffered an admittedly compensable injury to his left foot. In addition, it is undisputed that in 1992, Dr. Francis felt plaintiff had obtained maximum medical improvement and retained a ten percent permanent partial impairment rating along with a functional work limitation of no prolonged standing. It is undisputed that after being given his limitations in the fall of 1992, plaintiff returned to his employer and notified them he was ready to return to work and advised them of his restrictions. At that time the defendant employer notified plaintiff that they had no jobs available within his limitations, and his employment was discontinued.
On June 2, 1995, plaintiff again returned to Dr. Anderson with continued left foot pain. Dr. Anderson again diagnosed neuritis. Dr. Anderson then prescribed and performed an injection of the 3/4 metatarsal space. As a result of his evaluation in June, Dr. Anderson subsequently prepared written correspondence which stated:
 I did feel he could return to his former occupation as a paper plant worker, but that he should be given an opportunity to sit for periods of time. We recommended two hours of standing or walking followed by a twenty minute rest break, because it seemed that the prolonged standing and walking aggravated his condition.
Subsequent to seeing Dr. Anderson in June 1995, plaintiff visited the unemployment office in Brevard. At that time, plaintiff was advised by the North Carolina Employment Security Commission that as a result of his having work limitations, in their opinion, there was no work available in the local labor market within his restrictions, and referred him back to his employer. He again returned to defendant employer and notified them of his restrictions and was advised that suitable jobs were still unavailable. Since that time plaintiff has suffered continued symptoms with his injured foot, received treatment for new symptoms, and continued to be unable to find suitable employment.
A "change of condition" has been defined as a substantial change in the injured worker's physical capacity to earn.Pratt v. Central Upholstery Company 252 N.C. 716,115 S.E.2d 27 (1960); Weaver v. Swedish Imports Maintenance,80 N.C. App. 432, 343 S.E.2d 205 (1986); Edwards v. Smith Sons, 49 N.C. App. 191, 2709 S.E.2d, 569 (1980), cert.den. 301 N.C. 720, 274 S.E.2d 228 (1981). In the present case, there is no finding of fact or conclusion of law indicating that as of September 1990, when Deputy Commissioner Ford initially ruled plaintiff sustained MMI, that plaintiff was restricted in his ability to return to gainful employment as a result of his foot injury. However, by September 1992, Dr. Eaton and Dr. Anderson indicated he was then restricted to no prolonged standing. Thereafter, in 1995, Dr. Anderson re-evaluated plaintiff and indicated he was now further restricted in his ability to return to work as a result of his foot injury, specifically limiting him to standing no more than two hours followed by approximately twenty minutes of sitting. Likewise, Dr. Eaton testified that such restrictions in 1995 were reasonably appropriate.
Accordingly as of September 1992, plaintiffs "physical capacity to earn" had changed due to the newly imposed work limitations of no prolonged standing. Further evidence of the effect such work limitation created are evidenced by the fact his employer could not provide suitable work within such limitations. If this was not sufficient enough, by 1995 plaintiff's earning capacity had substantially changed in that he was now restricted to standing no more than two hours at a time, followed by a twenty minute sitting break. Evidence of the change in his earning capacity is the fact that plaintiff was looking for work in 1995 when the North Carolina Employment Security Commission staff told him to go back to his former employer and then further told him because he still had restrictions, that they didn't think anyone would hire him.
In Fletcher v. Dana Corporation, 119 N.C. App. 491,459 S.E.2d 31 (1995) the Court said, an employee who suffers a work-related injury is not precluded from workers' compensation benefits when that employee, while employable within limitations in certain kinds of work, cannot after reasonable efforts obtain employment due to unavailability of jobs. Disability is defined in the Workers' Compensation Act as impairment of the injured employee's earning capacity rather than physical disablement and workers who would not be unemployed but for a work related injury should be compensated by workers' compensation.
Based on the foregoing and the fact that the Courts construe the Workers' Compensation Act liberally in favor of compensability, Chandler v. Nello L. Teer Co.,53 N.C. App. 766, 281 S.E.2d 718 (1981), aff'd., 305 N.C. 292,287 S.E.2d 890 (1982); and the provisions of the Act are to be construed liberally and in favor of the employee, Dayal v.Provident Life Accident Ins. Co., 71 N.C. App. 131,321 S.E.2d 452 (1984); the majority should find a change of condition within the meaning of the Workers' Compensation Act.
This 12th day of July 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER